DONALD M. HILL & others, executors, *vs.* TREASURER AND RECEIVER GENERAL & others.

Suffolk. · November 21, 22, 1917. — February 28, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Tax*, On legacies and successions. *Power.*

In a case to which the provisions of St. 1909, c. 527, § 8, do not apply, where a testator, who left debts exceeding by a large sum the amount of his own property, exercised by his will a general power of appointment given him by the will of his father, appointing the principal of a trust fund to certain persons named, a legacy and succession tax under St. 1909, c. 490, Part IV, § 1, as amended by St. 1912, c. 678, § 1, cannot be levied on the amount of the entire fund appointed but only on the balance of that fund which actually goes to the appointees after the payment of the debts of the testator; because the portion of the fund applied to the payment of the testator's debts is so diverted and applied by the law as administered in courts of equity and does not pass to any one by the will of the donee of the power nor by the will of the donor.

PETITION, filed in the Probate Court for the county of Suffolk on March 19, 1917, under St. 1909, c. 490, Part IV, §§ 20, 21, by the executors of the will of Warren M. Hill, late of Boston, against the Treasurer and Receiver General for the abatement of a legacy

and succession tax alleged to have been assessed unlawfully by an excess of $2,126.10, because in determining the amount of the property on which the tax should be imposed the Tax Commissioner failed to deduct from the amount of a fund appointed to certain persons by the will of the testator the part of such fund which had been applied to the payment of the testator's debts.

The Probate Court made a decree that the tax be abated, and the Treasurer and Receiver General appealed.

In the Supreme Judicial Court the case came on to be heard by *Crosby,* J., who at the request of the parties reserved it for determination by the full court.

*W. H. Hitchcock,* Assistant Attorney General, for the Treasurer and Receiver General.

*C. L. Favinger,* (*D. M. Hill* with him,) for the petitioners.

RUGG, C. J. This is a petition under the tax act, St. 1909, c. 490, Part IV, §§ 20, 21, for the abatement of a succession tax. The relevant facts are that William H. Hill died in 1913, a resident of this Commonwealth. He created by will a trust fund, of which his son, Warren M. Hill, was given the income during his life, and general power of appointment of the principal by will. The son died in 1915, having exercised the power. He left debts exceeding his own property by more than $100,000. The tax commissioner levied a succession tax on the entire fund appointed, so far as taxable, on the basis of the relationship of the appointees to the donor of the power. The petitioners contend that there should first be deducted from the fund the portion needed to pay the debts of the son, so far as not satisfied out of his own estate, and that the tax should be levied only on the balance, which is the amount going to the persons actually appointed to receive the fund. This is the issue to be decided.

The governing provision of the tax act is in Part IV, § 1, as amended by St. 1912, c. 678, § 1, in these words: "All property within the jurisdiction of the Commonwealth, corporeal or incorporeal, and any interest therein belonging to inhabitants of the Commonwealth . . . which shall pass by will . . . shall be subject to a tax." It is a familiar canon in the interpretation of tax laws that they are to be construed strictly. If the right to the tax is not conferred by the plain words of the statutes, it is not to be extended by implication. If it is not within the letter, it is

vain to invoke the spirit of the tax law. *City National Bank* v. *Charles Baker Co.* 180 Mass. 40. *Martin L. Hall Co.* v. *Commonwealth*, 215 Mass. 326, 329.

It is settled that, the donee having exercised the power, the property appointed becomes in equity assets of his estate, so far as needed to pay his debts, to the exclusion of the persons appointed. *Clapp* v. *Ingraham*, 126 Mass. 200. *Minot* v. *Treasurer & Receiver General*, 207 Mass. 588, 591. *Thompson* v. *Pew*, 214 Mass. 520, 523. *Shattuck* v. *Burrage, ante*, 448, and cases there collected. The property, however, was the property of the donor of the power. The donee had no title to it. He simply had the privilege, if he chose to exercise it, of disposing by will of property of the donor. He was the deputy of the donor in disposing of the latter's property. This was decided before the enactment of the succession tax law. Therefore, it was inevitable that it should be held in the application of the succession tax law that the assessment should be levied upon the theory that the property appointed was that of the donor, and not of the donee of the power. *Emmons* v. *Shaw*, 171 Mass. 410. *Walker* v. *Treasurer & Receiver General*, 221 Mass. 600, and cases there collected. That was changed by St. 1909, c. 527, § 8, as to some classes of estates, but it is conceded that that statute is not applicable to the present facts.

The doctrine that appointed property shall be regarded as assets of the estate of the donee who has exercised a general power of appointment is purely equitable. It rests on the fundamental idea that a man ought to pay his debts when he has the power to do so, rather than to give property to those who are not his creditors. It is not founded on the actual intent of the one who has exercised the power. This principle of equity disregards the desires of the donor in creating the power, deprives the donee of the untrammelled authority conferred upon him in terms, and to the extent of its scope does violence to the manifest design of the donee in exercising the appointment. It would operate even in the face of his testamentary declaration to the contrary. Equity seizes the property on its way from the donor to the appointee and applies it to the satisfaction of the obligations of the appointor.

The irresistible consequence of these principles is that the appointed property does not pass by the will of the donee of the

power. Perhaps in spite of the express words of the will of the donee, and certainly in opposition to its plain implication, the appointed property is diverted to the payment of an equitable charge upon it. It is not transmitted according to the will. Its course is directed by the law, regardless of the provisions of the will. The exercise of the power of appointment by will sets in motion another and different force quite outside itself, namely, the equitable doctrine, which in itself is the primary and sole direct cause of the transmission of the property to the creditors of the donee. The execution of the power is the remote condition, not the immediate antecedent of that result. The appropriation of so much of the appointed property as is necessary to pay the donee's debts is the consequence not of the will, but of the operation of principles of equity. If there were no appointment by will, the disposition of the property would be different. But that circumstance is not enough to support the contention that the property thus appointed passes by will, when in fact its disposition is or may be contrary to the will. It does not pass by will any more than does property owned by a testator, which does not go to his legatees because used in the payment of his debts. The disposition of the appointed property is regulated by the law, not by the law of wills nor by the law of intestate succession, nor by the law of deeds, grants or gifts, but by the law as administered by a court of equity in the interest of the mandate of common honesty to the effect that one should be just before he is generous and pay his debts before he makes gifts. Hence it is not within the terms of the taxing statutes. See *Palmer* v. *Treasurer & Receiver General,* 222 Mass. 263; *Attorney General* v. *Clark,* 222 Mass. 291. This conclusion is in harmony with the reasoning and the decision of *O'Grady* v. *Wilmot,* [1916] 2 A. C. 231, where the subject of equitable assets of this sort and their liability to taxation is discussed at large with amplitude of review of the English cases. The fact that the appointed fund is turned over to the executor of the appointor arises merely as matter of convenience of administration and not of strict legal right. *Olney* v. *Balch,* 154 Mass. 318.

The general direction in the will of the donee of the power to pay his debts is not an appointment of this property to his creditors. *Shattuck* v. *Burrage, ante,* 448.

It follows that the succession to this appointed property ap-

propriated to the payment of the debts of the donee is not by will, and it does not pass by will.

It becomes unnecessary to consider other questions raised.

*Decree of Probate Court affirmed.*