*495 OPINION.
Morris:
The question in this proceeding arises as a result of respondent’s application of section 402 (e) of the Kevenue Act of 1921. That section provides as follows:
That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—
*******
(e) To the extent of any property passing under a general power of appointment exercised by the decedent (1) by will, or (2) by deed executed in contemplation of, or intended to take effect in possession or enjoyment at or after, *496 liis death, except in case of a bona fide sale for a fair consideration in money or moneys worth;
In applying this section to the facts herein respondent asserts that decedent validly exercised the power given her, and that, although her appointment, when incorporated in the trust indenture, violates the rule against perpetuities as to the limitations over which she created, nevertheless, such limitations over could be stricken out, leaving the prior disposition to operate as though the limitations over had never been made.
Petitioner contends that since the appointment violates the rule against perpetuities, the whole appointment is void. Petitioner further contends that in any event decedent’s will did not specifically appoint the income from the trust indenture to her children for their lives, and that the decisions of the probate court and the action of the Massachusetts taxing authorities are tantamount to an adjudication that decedent failed to exercise the power.
Preliminary to a discussion of the issue raised, it is necessary to determine whether the laws of Massachusetts, New York, or Rhode Island govern the exercise of the power of appointment. In Sewall v. Wilmer, 132 Mass. 131, it was held that the effect and validity of the instrument whereby the appointment was exercised was to be determined according to the law of the domicile of the donor and not of the donee. Here the domicile of the donor was Boston, the trust property was real estate situated entirely in Massachusetts, and the trustees since 1909 were residents of Massachusetts. We have no hesitancy, therefore, in holding that the laws of Massachusetts are applicable, more particularly, since the Massachusetts doctrine seems to follow the general rule. 31 Cyc. 1135.
It appears to be the law in Massachusetts that in determining whether the execution of a power of appointment is in contravention of the rule against perpetuities, the estate created under such power must be referred back to the donor’s instrument whereby the power was created. It further appears that property subject to the power is property of the donor, but that equity will step in and treat property subject to a power, as property of the donee where creditors of the donee are involved. Hill v. Treasurer and Receiver General, 229 Mass. 474; 118 N. E. 891. It has been held that the donee in exercising a power of appointment is in effect writing the will of the donor in respect to the property subject to the power, and that the donor has by the very terms of his instrument.accepted in advance the disposition which the donee subsequently makes. Therefore, the Massachusetts courts hold that in reckoning the period within which an estate in fee must vest under the rule against perpetuities, the measure must start from the time of the creation of the power and *497 not the exercise thereof. Minot v. Paine, 230 Mass. 514; 120 N. E. 167.
Decedent exercised the power by last will and testament which specifically refers to the power created in the trust indenture, but failed to differentiate between the power to appoint income and the power to appoint principal at the termination of the trust. Such failure is, in our opinion, immaterial, since she gave all her residuary estate and all the property subject to powers of appointment, in trust, to be divided into four equal shares, the income from two shares to be paid to her son for life, and the income from the other Iavo shares to her daughter for life, and upon the death of her children, the income from one share to each of her grandchildren for life, and upon their death to their lawful issue as each grandchild should by will direct.
Referring this disposition back to the creation of the power by the donor, and measuring the period from the creation of the power until the vesting of the estate in fee, it is clear that there has been a violation of the rule against perpetuities, which is, that executory limitations are void unless they take effect from necessity and in all possible contingencies within the period of a life or lives in being and 21 years thereafter. Minot v. Paine, supra. Petitioner asserts that this violation of the rule as to limitations over makes the exercise of the power invalid, the whole appointment becomes void and the property descends to decedent’s children as her “ heirs by blood.” Respondent asserts that the prior disposition, whereby decedent’s children were given equitable life estates, should be sustained as valid and that only the limitations over, which admittedly violate the rule against perpetuities, should be excluded from the decedent’s gross estate. Respondent cites in support of his contention that a void limitation over can be stricken and the prior disposition allowed to stand, the case of Greenough v. Osgood, 235 Mass. 235; 126 N. E. 461.
In that case the donor executed an antenuptial deed of trust reserving to herself the income for life and a special power of appointment. By her will she bequeathed all her property, including the property subject to the power to her executors in trust to pay the income, among others, to her son Robert during his life, and upon his death to pay over the principal in equal shares to his then living children. The court held that the limitation over to the children of Robert was void for remoteness because it might vest beyond the rule of perpetuities, and that a limitation over which violated the rule would be considered as stricken out, leaving the prior disposition to operate as if the limitation over had never been made. It is our opinion that this case is controlling, and that the principle laid down by the *498 Supreme Court of Massachusetts sustains the position of the respondent. Accord: Quilliam v. Union Trust Co. of Indianapolis, 142 N. E. 214.
The second contention advanced by petitioner is that in any event the decedent did not specifically appoint the income from the trust to her children, but rather gave it to trustees to hold in trust for her children. It would seem unnecessary to answer this contention in view of our holding that the power as exercised would stand except as to the limitations over. However, we call attention to the fact that decedent appointed whatever property she had in trust to paj' the income to her children during their lives. While the trust created by Child continued in existence, the only thing that decedent could appoint was her portion of the income therefrom. The appointment as made, carried with it the income, and at the termination of the trust, the principal. It is our opinion that decedent exercised the power within the meaning of section 402 (e) of the Revenue Act of 1921, and that the present worth of such equitable estates should be included in decedent’s gross estate.
The third contention of the petitioner is that the decisions of the probate court and the action of the Massachusetts taxing authorities amount to a judicial determination that the decedent failed to exercise the power. We are unable to agree with this contention, for the reason that the petitions filed prayed for instructions as to the disposition which the trustees of the Child trust fund should make of income in their possession. The question of the validity of the exercise of the power of appointment was not considered by the court as an issue in those proceedings. True, the court directed the trustees to pay the income from the trust directly to the children of the decedent instead of paying such income to the trustees under the testamentary trust created by decedent. But it appears that the reason for this action was to avoid circuity of payments and to avoid the payment of additional commissions to other trustees, since the income in any event belonged to decedent’s children. The probate court expressly refused to pass on any question as to payment of income from the trust after the joint lives of decedent’s children, or on any question as to distribution of principal upon termination of the trust.
The actions of the Massachusetts taxing authorities are purely administrative and not judicial, so that any determination which they made would have no effect on our opinion, except as it might be persuasive.
It is our opinion that the law and legal principles sustain the determination of the respondent, and we so hold.
Reviewed by the Board.

Judgment will Toe entered for the respondent.