BOSTON SAFE DEPOSIT AND TRUST COMPANY & another, executors, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

Suffolk. April 3, 1930. — November 25, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, & FIELD, JJ.

*Tax,* On income: estates of deceased persons. *Statute,* Construction.

The income of the estate of a deceased person to be taxed to his executor or administrator under G. L. c. 62, § 9, as amended by St. 1925, c. 242, § 1, is that income received from the body of capital of the estate after the death of the deceased, and not that income derived from the body of capital during the life of the deceased and coming to the executor or administrator as an asset of the estate.

G. L. c. 62, § 9, as amended by St. 1925, c. 242, § 1, does not permit the assessment of an income tax to an executor upon interest, accrued to the date of the death of the testator, upon bonds owned by him, taxable as income if actually received by him and collected by the executor as and when the coupons matured; or upon dividends declared previous to the testator's death to stockholders of record previous to that date but payable after that date; or upon bond coupons

which had become due and payable previous to that date, which had not been detached from the bonds, and which were detached and cashed by the executor after that date; or upon interest which had accrued on a checking account before that date and had been paid to the executor after that date.

COMPLAINT for abatement of an income tax, filed in the Superior Court on December 1, 1929.

The complaint is described in the opinion. The respondent demurred. The demurrer was overruled by order of *Gray,* J., who thereupon reported the complaint for determination by this court.

*C. F. Lovejoy,* Assistant Attorney General, for the respondent.

*J. Sidney Stone & C. M. Rogerson,* for the complainants.

RUGG, C.J. This is a complaint under G. L. c. 62, § 47, against the defendant for refusal to abate an income tax levied under that chapter. The essential facts set forth in the complaint (which must be assumed to be true because the case comes before us by report after the overruling of a demurrer) are these: The petitioners are executors of the will of a testator who died on October 16, 1928; in the tax levied upon the complainants for income received by them as such executors for the period from October 16, 1928, to December 31, 1928, there was included a tax at six per cent per annum upon moneys received by them as follows: (a) interest accrued to the date of the death of the testator upon bonds owned by him, taxable as income if actually received by him, collected by them as and when the coupons matured; (b) dividends declared prior to October 16, 1928, to stockholders of record prior to that date but payable after that date; (c) coupons which had become due and payable prior to October 16, 1928, which had not been detached from the bonds, and which were detached and cashed by the complainants after that date; (d) interest accrued on a checking account paid to the complainants after October 16, 1928. Although not distinctly alleged that this interest had accrued prior to October 16, 1928, the argument has proceeded on the assumption that it had so accrued and we treat this item on

the same assumption. It is conceded that these several items, if they had been received by the owner during his life, would have been subject to an income tax as assessed. These several items were received by the complainants as part of the estate of the testator and the last three were credited to principal.

The relevant statutory provisions are these words of G. L. c. 62, § 1: " Income of the classes described . . . received by any inhabitant of the commonwealth during the preceding calendar year, shall be taxed . . ."; and of § 9 as amended by St. 1925, c. 242, § 1: " The estates of deceased persons who last dwelt in the commonwealth shall be subject to the taxes imposed by this chapter upon all income received by such persons during their lifetime, if assessed . . . [as required]. The income received by the estates of such deceased persons shall be subject to all the taxes imposed by this chapter to the extent that the persons to whom such income is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth."

It is within the competency of the General Court under the Forty-fourth Amendment to the Constitution to require taxation of the items here taxed. The word ". income " in that amendment is comprehensive in scope; it is not to be given a narrow meaning. *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 526, 527. *Raymer* v. *Tax Commissioner,* 239 Mass. 410, 412. There is no constitutional difficulty in the way of a legislative provision that an executor or administrator or other fiduciary shall for purposes of taxation be in the same position as the preceding owner. *United States* v. *Phellis,* 257 U. S. 156. *Taft* v. *Bowers,* 278 U. S. 470. That which in some aspects is capital may in other aspects be treated as taxable income by reason of separation in identity of owner and recipient. *Irwin* v. *Gavit,* 268 U. S. 161. The question to be decided is not one of legislative power but one of statutory construction. Income of the nature here in issue is plainly described as taxable in G. L. c. 62, § 1 (a) (b). But by § 9, as amended and already quoted, there is established a clear differentiation between natural persons and estates

of decedents in respect to taxability of income. Income received by deceased persons during their lifetime shall be subject to the tax to be paid by their estates. Income received by the estates of deceased persons is made taxable to the executor or administrator of such decedents only to the extent that the beneficiaries of such income are inhabitants of the Commonwealth. Such taxable income can refer only to that received from the body of capital after the death of the person of whose estate it is income. In the case at bar the income taxed was not received from the body of capital of the estate after the death of the testator. It was derived from the body of capital during the life of the testator and came to the complainants as an asset of the estate. It would be subject to legacy and succession taxes under G. L. c. 65 if the estate comes within the sweep of that chapter. The reasoning of the decision in *Bingham* v. *Commissioner of Corporations & Taxation*, 249 Mass. 79, requires the conclusion that the tax upon the items described in the complaint was not warranted.

If it had been the design of the Legislature to authorize the imposition of the tax here assailed, it would have been a simple matter to use words of unmistakable import to express that design. Such words are not found in the governing statutes. It is a familiar principle that doubts as to the extent of a tax law are resolved in favor of the taxpayer. *Hill* v. *Treasurer & Receiver General*, 229 Mass. 474, 475–476.

The conclusion here reached is in accord with decisions interpreting somewhat similar provisions of tax laws of other jurisdictions. *Nichols* v. *United States,* 64 Ct. of Cl. 241: certiorari denied, *United States* v. *Nichols,* 227 U. S. 584. See *People* v. *Loughman,* 226 App. Div. (N. Y.) 108; affirmed in 251 N. Y. 544.

*Order overruling demurrer affirmed.*