No. 12,897.

ESTATE OF GARDNER.
GARDNER ET AL. *v.* MASTELLER ET AL.
(4 P. [2d] 686)

Decided October 26, 1931.

Messrs. PERSHING, NYE, TALLMADGE, BOSWORTH & DICK, Mr. ROBERT G. BOSWORTH, for plaintiffs in error.

Messrs. GRANT, ELLIS, SHAFROTH & TOLL, for defendants in error.

*In Department.*

524

MR. JUSTICE BURKE delivered the opinion of the court.

THE question here presented is the correct interpretation of a will in which a power vested in the testator is executed.

Katherine A. Gardner is hereinafter referred to as the mother, her deceased son, Edgar B. Gardner, as decedent, and his daughter, Marguerite Katherine Gardner, as the daughter.

May 13, 1926, the mother created a trust whose indenture provided that the income therefrom should be paid decedent during his lifetime, and that he should have power to dispose of the corpus, amounting to approximately $150,000, by will. December 1, 1927, he executed a will providing for the payment of debts, for one legacy of $5,000 to a sanatorium, for another of $10,000 to the mother, and conveying the residue in trust for the daughter. Other provisions made the wards named in the title hereof beneficiaries under certain contingencies. He died May 30, 1930, leaving no real property and an excess of debts over assets of $4,378.70, which, added to said legacies, made a total deficit of $19,378.70. The trial court ordered that after the exhaustion of decedent's unbequeathed personal property the unpaid portion of this sum should be satisfied out of the trust created by the mother. To review that decree plaintiffs in error prosecute this writ and ask that it be made a supersedeas. All parties request final judgment on this application.

The words creating the power in question are found in the first paragraph of the mother's trust indenture. Therein the trustee is directed as to the management of the corpus, the payment to the son of the income "during the term of his natural life, and upon his death to dispose of the principal of said trust in accordance with the terms of the legal last will and testament of said son."

By the eighth paragraph thereof it is provided that: "Upon the death of the grantor's said son the trustee shall pay all funeral expenses of said son, together with

all transfer, estate, inheritance or profit taxes due and payable upon his said estate, and shall charge and deduct the same from the then principal of the trust herein created.''

The material portions of the will in question are the following:

''First: *I desire that all my just debts be paid.*

Second: I direct that my executor shall pay out of my gross estate and as a charge against and deduction from my said estate, *any and all state inheritance and federal estate taxes,* whether the same are chargeable against my said estate or against the specific legacies and devisees or legatees mentioned herein.

Third: I give, devise and bequeath my real estate, automobiles, furniture and household furnishings, jewelry and purely personal effects * * * unto my daughter, Marguerite Katherine Gardner, absolutely and in fee simple.

Fourth: I give, devise and bequeath Five Thousand dollars ($5,000.00) to the Trudeau Sanatorium * * *.

Fifth: I give, devise and bequeath Ten Thousand Dollars ($10,000.00) to my mother, Katherine A. Gardner.

Sixth: All the balance, residue and remainder of my estate I give, devise and bequeath unto The International Trust Company of Denver, Colorado, as trustee * * *. *I include in this description of balance, residue and remainder of my estate* all of the estate and property which is held in trust for my use through the trust agreement of my father, J. Wright Gardner, which said trust agreement is dated December 20, 1920, and the *entire estate and property which is held under the trust agreement from my mother, Katherine A. Gardner,* with the Central Union Trust Company of New York, which said trust agreement is dated May 13, 1926; in respect to which said trust estates and each of them I am given the power of disposition by my last will and testament, *and this said last will and testament is hereby made expressly applicable unto said trust estates and all of same, in so far as*

*I have power by my last will and testament to devise and bequeath said trust estates, or any part thereof.*

*Likewise, I include in this description of the balance and remainder of my estate and as estate and property to pass under the terms of this will all of the property and estate to which I may be in any manner entitled or over which I have the power of disposition by my last will and testament \* \* \* and this will is intended to be an exercise of that power of disposition which vests in me through said trust agreements and each of them.*

The said trust estate so held by The International Trust Company as trustee hereunder shall be held for the following uses and purposes:

(a) *The entire net income* shall be paid for the use, benefit, support and maintenance \* \* \* unto my daughter, Marguerite Katherine Gardner, until she reaches the age of twenty-one (21) years (my daughter was born September 17, 1921) \* \* \*."

The briefs herein are largely devoted to a discussion of the rule of law applicable in case the will expresses testator's intent to exempt the trust estate from payment of his debts and legacies, or is silent or uncertain on that subject. It is admitted that, under such circumstances, the English rule, followed in a majority of the states, supports the judgment. Plaintiffs in error, however, insist upon a contrary interpretation as the only one consistent with reason and justice. The principal authorities cited are: *United States v. Field*, 255 U. S. 257, 41 Sup. Ct. 256, 18 A. L. R. 1461; *Hill v. Treasurer*, 229 Mass. 474, 118 N. E. 891; *R. I. H. Trust Co. v. Anthony*, 49 R. I. 339, 142 Atl. 531, 59 A. L. R. 1501; *In re N. Y. Life Ins. & Tr. Co.*, 139 N. Y. Supp. 695

The question is interesting and important, but not, in our opinion, essential to our disposition of this cause. It is undisputed that, whichever be the correct rule, this judgment must be affirmed if testator's intent, expressed in the will, was to execute the power by directing a resort

to the corpus to pay debts and legacies. We think such was his intent so expressed.

The correctness of this conclusion is of course debatable. Decedent nowhere declares this by specific language. On the contrary, he says that he includes the entire trust estate in the "description of the *balance, residue and remainder* of my estate;" also that he includes in the "balance and remainder of my estate" all the "property and estate * * * over which I have the power of disposition by my last will and testament." But against the conclusion properly deducible from those portions of the will, if standing alone, we find testator also says: "*This last will and testament* [not some particular paragraph of it] is hereby made expressly applicable unto each of said trust estates and all of them in so far as I have power by my last will and testament to devise and bequeath said trust estates or any part thereof."

Again, although by the terms of the trust indenture certain debts and taxes were payable from the corpus of the trust estate, decedent, by the first paragraph of his will, provided generally for the payment of said debts, and by the second paragraph he provided specifically for the payment of said taxes "out of my gross estate." These provisions are inexplicable save on the theory that his personal property and the corpus of the trust estate were considered by him as a single fund for all the purposes of the will.

We are warned that testator's language is sometimes too loose to justify a literal adherence to his expressions by the facts that while in this will he disposes of real estate and a trust estate created for him by his father, he owned no such real estate and there was no such trust estate created. In truth, the father is the largest creditor and demands payment of his claim out of the corpus of the trust created by the mother.

■ However, other portions of this will, plus conditions disclosed by the record, read in the light of two

simple rules of interpretation, in our opinion clearly disclose the intent of decedent. Without resort to the corpus of the trust he left no estate from which his debts could be paid, not to mention the payment of legacies, and there is nothing to indicate that he was not fully cognizant of this fact. Yet his first direction is that his debts be paid. Since in that direction he uses the word "desire" plaintiffs in error interpret this as a wish, not a direction; but testators in making disposition of property frequently use the word "desire" as the equivalent of "direct" and such is its ordinary interpretation in the law of wills. *Weber v. Bryant*, 161 Mass. 400, 37 N. E. 203; *Grieves v. Grieves*, 132 Md. 300, 103 Atl. 572; *Porter v. Tracey*, 179 Ia. 1295, 162 N. W. 800; *In re Compton's Will*, 131 N. Y. Supp. 183.

We think the context of this will, plus the position of the clause in which the word is used, makes this construction inevitable. It is suggested as unreasonable to assume that testator would unnecessarily take property from his daughter to pay debts and bequests, but the contrary seems true when we bear in mind that there still remained for the daughter a trust fund of approximately $130,000; that the chief creditor who was to be paid was testator's father, and that the largest bequest was to his mother, who herself had created the trust out of which that bequest was to be paid. It follows that the corpus of the trust estate was subjected to the first direction of the will and that decedent knew this must of necessity be done.

But it is said that since the will was executed more than three years prior to testator's death and there is nothing in the record indicating the contrary, the presumption is that at the date of execution he had an estate sufficient to pay all debts and legacies without resort to the trust. The answer to this assumption is that since a will takes effect only at death it generally speaks from that date. *Canfield v. Bostwick*, 21 Conn. 550; *Tayloe v. Bond*, 45 N. C. 5. This rule seems particularly applicable

to a direction to pay debts. Testator could by no reasonable construction have in mind debts existing at the date of the will, but on the contrary must have contemplated debts existing at death.

For the foregoing reasons the judgment is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.