COMMISSIONER OF CORPORATIONS AND TAXATION *vs.* DAVID A. SIMMON.

Suffolk. January. 9, 1935. — November 26, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Tax,* On income.

Where the will of a resident of another State required the trustee thereunder, a resident of and appointed by a court in that State, to hold and invest a fund for the benefit of a resident of this Commonwealth until he should reach a certain age and then to pay the fund to him "with all the accumulations," with gifts over if the beneficiary should die before reaching that age and discretion in the trustee to make payments for his support, income received by the trustee during the existence of the trust, which was added to principal and paid over to the beneficiary with it as a unit at the time he reached the specified age, was capital and not taxable under G. L. c. 62,. § 11, as income received by him in the year of payment.

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on September 6, 1934, by the commissioner of corporations and taxation from a decision by the Board of Tax Appeals.

*C. F. Lovejoy,* Assistant Attorney General, for the commissioner of corporations and taxation.

*A. P. Lowell,* for the taxpayer.

RUGG, C.J. This is an appeal by the commissioner of corporations and taxation from a decision of the Board of Tax Appeals abating an income tax. The case involves the validity of a tax on income alleged to have been received during the year 1930, by David A. Simmon, the applicant for abatement. The relevant facts are these: A resident of New York died in 1923 leaving a will whereby funds were bequeathed in equal sums to each of two trust companies in New York in trust to invest and keep invested for his grandnephew, said David A. Simmon, "until he reaches the age of twenty-one, and then to be paid to him with all the accumulations," with power in the trustees to make proper allowances for his "comfort, maintenance, education and support." If the grandnephew died under the age of twenty-one, leaving no surviving child or children, there were gifts over. David A. Simmon was at the time of the death of the testator, and has been ever since, a resident of this Commonwealth. The New York trustees in 1924 received the funds from the executors of the testator, less inheritance taxes thereon. The funds were invested and kept invested by the trustees in mortgages and bonds, and the interest was collected and accumulated by them; payments were made from time to time by them to the guardian of David A. Simmon for his support; and the expenses of the trust, including income taxes, counsel fees and trustees' compensation, were paid out of the trust funds.

The record does not show the amount of income received by the trustees during 1930. The income of the preceding years had been expended as stated above, or reinvested and capitalized. David A. Simmon reached the age of twenty-one in March, 1930, and received the funds with accumulations. The total income accumulated by the trus-

tees from 1924 to 1930, less certain expenses and deductions, was treated as his income received during 1930 by the commissioner of corporations and taxation and a tax was assessed upon it.

The issue of law presented by the parties to the Board of Tax Appeals was "whether the accumulations of income received by the trustees over a series of years and paid to" David A. Simmon "in 1930 as a part of the principal of the trust funds were income received by him during that year, taxable under G. L. c. 62, § 11." No other issue of law can be considered by this court. G. L. (Ter. Ed.) c. 58A, § 13.

The words of G. L. c. 62, § 11, which was applicable to income received in 1930, were these: "If an inhabitant of the commonwealth receives income from one or more trustees, none of whom is an inhabitant of the commonwealth or has derived his appointment from a court of the commonwealth, such income shall be subject to the taxes imposed by this chapter, according to the nature of the income received by the trustees."

Whatever may be the precise nature of the interest of David A. Simmon in the trust funds and their accumulations in other connections (see *Minot* v. *Tappan*, 127 Mass. 333; *Clarke* v. *Fay*, 205 Mass. 228), it is plain that he had no right to enjoyment in possession of any part of the funds, as to either principal or accumulations, until he reached the age of twenty-one years. The allowances for his support and education rested in the discretion of the trustees. However his interest may be described, it was subject to be utterly divested if he should die before reaching that age. The income was not paid to him year by year and it was not paid to him as income. It was converted into capital in New York as received year by year by the New York trustees, acting pursuant to the will. *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 526. *Maguire* v. *Tax Commissioner*, 230 Mass. 503, 512. *Springdale Finishing Co.* v. *Commonwealth*, 242 Mass. 37, 41. That which the trustees transferred to David A. Simmon in 1930 was paid to him as a legacy. It was a unit, not due until that speci-

fied time and payable for his benefit only upon the condition that he was then alive. *Mitton* v. *Treasurer & Receiver General*, 229 Mass. 140. *Boston Safe Deposit & Trust Co.* v. *Commissioner of Corporations & Taxation*, 273 Mass. 208. So far as concerned the interest of David A. Simmon in the income of the funds received year by year by the trustees, it became forthwith an accretion to capital and not income to him. It might never be paid to him or for his benefit. Whether he or his estate would ever receive it depended upon the contingency that he should reach the age of twenty-one years. He had no power of actual disposition of it until paid to him. When this fund was paid to David A. Simmon it was a payment of capital and not of income. *Minot* v. *Baker*, 147 Mass. 348, 354, 355. The income was received by the New York trustees from investments made in New York under a New York will. It was converted by them under the terms of the New York trusts into capital of the funds. According to the findings of fact, a part of the expenses of the trustees included income taxes, although it is not expressly stated that this particular income was there taxed.

The case at bar is quite distinguishable from *Maguire* v. *Tax Commissioner*, 230 Mass. 503, where a resident of this Commonwealth received from a trustee, resident in and appointed by the courts of another State, income payable under a trust established by the will of a resident of that State. Such income was held to be subject to taxation. That principle has been applied in the case at bar so as to render subject to the income tax income received by the trustees during 1930 and paid during that year to David A. Simmon. The tax in the case at bar is not supported by *Harrison* v. *Commissioner of Corporations & Taxation*, 272 Mass. 422, *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583, *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 279 Mass. 168, or *Tirrell* v. *Commissioner of Corporations & Taxation*, 287 Mass. 464, where the facts were quite different and did not involve on the part of nonresident trustees under a foreign trust the duty

of accumulating income to the increase of the capital of the trust. Both the trustees in the case at bar are non-residents. The language of the governing statute cannot rightly be construed to reach income accumulated and held by nonresident trustees appointed by a foreign court under the will of a nonresident. Plainly the tax cannot be sustained under G. L. c. 62, §§ 1 (g) or 10.

There was no error in the denial of the requests for rulings, but they need not be examined in detail. Abatement is granted in the sum of $10,506.80. That sum is to be repaid by the treasurer and receiver general with interest from March 27, 1934, when the sum was paid, in accordance with G. L. (Ter. Ed.) c. 58A, § 13.

*So ordered.*