MAHLER, Respondent, vs. CONWAY and others (TAX COMMISSION), Appellants.

*December 6, 1940—January 7, 1941.*

For the appellants there were briefs by the *Attorney General* and *Harold H. Persons,* assistant attorney general, and oral argument by *Mr. Persons.*

For the respondent there was a brief by *Lines, Spooner & Quarles,* attorneys, and *Louis Quarles* and *Maxwell H. Herriott* of counsel, all of Milwaukee, and oral argument by *Mr. Louis Quarles* and *Mr. Herriott.*

FRITZ, J.   The facts are not in dispute and the only issue is the question of law whether the assets of two trusts created for the benefit of Carol L. Mahler, if she survived the termination thereof in 1933 and 1934, constituted taxable income under the Income Tax Act upon the final distribution of the trust assets to her by a nonresident trustee.   Each of the trusts was created by a separate trust agreement executed on December 13, 1929, by Ernst Mahler, the husband of Carol L. Mahler.   They were then and thereafter continued to be residents of this state.   By each agreement he transferred to the First Union Trust Savings Bank of Chicago, as trustee, two hundred shares of preferred stock issued by the International Cellucotton Products Company.   He had acquired this stock prior to December 13, 1929, at a cost of $2,157.30 for two hundred shares, and when he transferred the shares to the nonresident trustee on December 13, 1929, the value thereof had increased to $20,000 by reason of a cap-

ital gain of $17,842.70 prior to that date on each block of two hundred shares. The stock was called for retirement prior to the termination of the trusts, and the trustee received $20,000 for each block of two hundred shares. By the provisions in one trust agreement the trustee was directed to accumulate all trust income and capital gain, and add them to the principal until the termination of the trust on December 13, 1933, when it was to distribute the entire principal to Mrs. Mahler if she were then living, but otherwise to other named *cestuis que trustent*. In accordance with these provisions the trustee, upon the termination of the trust, distributed to Mrs. Mahler the corpus of the trust, consisting then of $48.71 in cash and United States Treasury notes and bonds valued at $21,750, which included interest amounting to $2,865.98, collected by the trustee on the government notes and bonds. By the provisions of the other trust agreement, the trustee was directed to distribute the current income, excepting capital gain from the conversion of trust assets, to Mrs. Mahler as earned; and to accumulate and add the capital gain to the principal of the trust until the termination thereof on December 13, 1934, whereupon the trustee was to distribute the principal, including the added capital gain, to Mrs. Mahler if she were then living, but otherwise to other named *cestuis que trustent*. During the term of this trust the trustee distributed the current income to Mrs. Mahler as provided in the trust agreement, and she duly reported this income as income subject to the state income tax and paid that tax. Upon the termination of the trust, the trustee distributed to her the corpus thereof, which then consisted of bonds and stocks valued at $16,659.39.

The appellants on this appeal contend that upon the distributions of the trust assets to Mrs. Mahler at the termination of the trusts on December 13, 1933, and December 13, 1934, respectively, there should have been (1) an additional assessment of taxable income against her on account of the

capital gain of $17,842.70 on each block of two hundred shares of the preferred stock by reason of the aforesaid increase in its value between the time of the purchase by the creator of the trust and the time of his transfer thereof to the trustee; and (2) also an additional assessment upon the distribution of the trust assets to Mrs. Mahler at the termination of the trust on December 13, 1933, on account of the interest on the government bonds, collected by the trustee, and accumulated and added by it to the corpus of the trust.

On the other hand, Mrs. Mahler contends, (1) that under the trust agreements, she was but a contingent beneficiary whose right to receive the assets of each trust did not accrue until the termination thereof; (2) that the value of the two hundred shares of preferred stock transferred in trust in each case was $20,000 at the time of the transfer on December 13, 1929, and then constituted principal or capital in that amount in the hands of the trustee; (3) that when that stock was called there resulted a conversion of trust corpus, and not a realization of taxable income, because the value of the stock at the time of the transfer in trust was its par value of $20,000, which was the amount received by the trustee when the stock was called by the issuing corporation; (4) that likewise the accumulated income in the case of one of the trusts constituted part of the corpus of the trust by express direction of the creator of the trust; and (5) that, consequently, the distributions by the trustee to Mrs. Mahler, upon the termination of the trusts, of the proceeds of the converted stock, which was trust corpus valued at $20,000 when the trust was created, and of the income directed to be accumulated under one of the trusts as part of the corpus thereof, did not constitute taxable income, although it might have constituted a gift subject to a tax, if there had been a statute taxing gifts in 1929.

Due consideration of the legal effect of the provisions in the trust agreements and the nonresident trustee's duties

thereunder in relation to the corpus of the trust and the accumulations directed to be added thereto, and the defeasible interest therein of Mrs. Mahler in respect to the trust assets until and unless she survived the termination of the trust, compels the conclusion that the trust assets, which were ultimately distributed to her upon the termination of the trusts cannot be considered taxable income under the provisions in secs. 71.01, 71.02, and 71.095 (3), (4), and (8), Stats. Under each of the trust agreements Mrs. Mahler (excepting in so far as she was entitled under one of the agreements to the distribution currently of income other than capital gains) was but a contingent beneficiary, whose interest in the capital of the trust, including the capital gains and income received by the trustee in Illinois, and directed by the trust agreement to be retained and added to the capital of the trust, was subject to being wholly divested if she died before the termination of the trust. No nondefeasible right to enjoyment in possession in respect to either the principal of a trust or the capital gains and income directed to be accumulated and added thereto vested in her prior to the termination of the trust. In so far as the trustee was under the positive duty to accumulate the capital gains and income and add them to the capital of the trust during the term without any nondefeasible right thereto vesting in Mrs. Mahler during that period, the gains and income in question were lawfully converted into capital immediately upon the receipt thereof by the trustee, by virtue of the provisions to that effect in the trust agreements. Consequently, as these capital gains and income had lawfully and definitely become part of the principal of the trusts prior to the termination thereof, and while no nondefeasible right thereto was vested in Mrs. Mahler, the subsequent receipt by her of the principal of the trust, upon the distribution thereof by the trustee upon such termination, constituted the receipt by her of capital and not income; and as such capital it was not subject to an income tax to be paid thereon by her. *Commissioner of*

*Corporations and Taxation v. Simmon,* 292 Mass. 507, 198 N. E. 741, 102 A. L. R. 273; *Roebling v. Commissioner* (3d Cir.), 78 Fed. (2d) 444; *Spreckels v. Commissioner* (9th Cir.), 101 Fed. (2d) 721. Although income (excepting interest paid by the United States or its instrumentalities or agencies) which was currently received by the trustee could have been assessed under sec. 71.095 (4), Stats.,—because it was nondistributable income,—for the payment of an income tax by the trustee, if it had been a resident of Wisconsin; and although income received by Mrs. Mahler from the nonresident fiduciary could be taxed under the provisions in sec. 71.095 (8), Stats., the same as though such income had been received by such resident without the intervention of a fiduciary, no such tax can be imposed upon the income in question herein because it was converted by virtue of the terms of the trust agreements into principal of the trusts immediately upon the receipt thereof by the trustee in Illinois and before any nondefeasible right thereto could vest in Mrs. Mahler, and that continued to be its character when it was distributed to her. As there was no basis in the statutes in effect at the times in question for subjecting the principal of a trust to taxation as income upon the distribution thereof by a nonresident trustee to a resident beneficiary, the assessment ordered by the Tax Commission cannot be sustained.

*By the Court.*—Judgment affirmed.