Hillsborough,
No. 4335.

GEORGE F. FISKE *v.* SAM BASS WARNER *& a., Tr'ees.*

Argued October 6, 1954.

Decided October 29, 1954.

*Blodgett & Franklin* (*Mr. Blodgett* orally), for the plaintiff.

*McLane, Carleton, Graf, Greene & Brown* (*Mr. Brown* orally), for the defendants.

BLANDIN, J.  The record discloses that the sole question here is whether the plaintiff George F. Fiske is entitled to one-half of a trust estate under the fourth paragraph of the will of Perkins Bass, late of Peterborough.  The answer depends on whether the trust property became assets of the estate of Gertrude Bass Warner, a daughter of Perkins Bass, so as to be subject to the provisions of R. L., c. 350, s. 10, which provides that a child not named in a will shall be entitled "to the same portion of the estate . . . as he would be if the deceased were intestate."  It is too well established to require extended citation that the intent of the testator governs the interpretation of a will and will be enforced unless it is illegal or impossible to do so.  *Amoskeag Trust Co.* v. *Haskell,* 96 N. H. 89.  Here the original testator and donor, Perkins Bass, created a trust in favor of his daughter who was to have the net income during her life and the power to appoint by her last will "such person or persons" as she might choose to take full legal title to the trust property upon her death.  His will provided that in default of appointment the trust estate should go to the daughter's issue, and under this provision the plaintiff would be entitled to one-half. It thus appears the testator did not intend to give his daughter complete ownership of this property during her life but merely a limited interest with the power, however, to dispose of it absolutely only by will, which is a very different thing from title.  *Burleigh* v. *Clough,* 52 N. H. 267, 273; *Burns* v. *Nolette,* 83 N. H. 489, 494; *cf. Belford* v. *Olson,* 94 N. H. 278.

It is true that had Gertrude possessed and exercised a general power of appointment, this property might have been treated as assets of her estate to the extent, but only to the extent necessary to satisfy her creditors if her own estate were insufficient for that purpose.  *Johnson* v. *Cushing,* 15 N. H. 298, 314; *Emery* v. *Haven,* 67 N. H. 503; Restatement, Property, s. 329.  This rule rests on the equitable doctrine that it would be a fraud on her creditors to do otherwise.  *Johnson* v. *Cushing, supra;* anno. 59 A. L. R. 1510, 1514-1515.  However, to reach even this conclusion our court would be forced to disregard the intent as expressed in the wills of both Perkins Bass, the original testator or donor of the property and his daughter, the testatrix under whom the creditors might

claim. *Hill* v. *Treasurer,* 229 Mass. 474; 59 A. L. R., *supra.* In short, the doctrine rests to a substantial degree on a fiction invented by courts to accomplish ends which they, but not the testator, deem desirable. The rule has been severely criticized by eminent authorities (see 59 A. L. R., *supra,* 1513-1515), and there is a strong minority view against it. *Rhode Island Trust Co.* v. *Anthony,* 49 R. I. 339; *Hooker* v. *Drayton,* 69 R. I. 290. Counsel for the plaintiff do not claim that the principle has ever been extended to cover the situation before us, and indeed, even authorities which favor it concede that it does not permit a surviving spouse to take dower or curtesy or a share in the deceased spouse's property by waiving the will. Restatement, Property, *s.* 332. Regardless of the effect of Gertrude's irrevocable release of her general power of appointment and her restriction of it to a special one, it seems clear that the trust fund in question of which the plaintiff claims one-half, never became assets of her estate. *Burleigh* v. *Clough,* 52 N. H. 267; *Slayton* v. *Fitch Home,* 293 Mass. 574. Such is the general rule in the United States Supreme Court (*United States* v. *Field,* 255 U. S. 257), although it has been changed by statute (26 U. S. C. A., *s.* 811(f), Supp. 1953) for tax purposes. See *Helvering* v. *Safe Deposit Co.,* 316 U. S. 56, 60-61. See also, Restatement, Property, *s.* 333. Even were it held that the plaintiff was unintentionally omitted from Gertrude's will so that he would share in her estate under R. L., *c.* 350, *s.* 10, he would do so independently of the will, the validity of which would be unaffected. *McIntire* v. *McIntire,* 64 N. H. 609; anno. 123 A. L. R. 1073, 1084. It seems unnecessary to labor the point that the words "the estate" used in section 10, *supra,* mean the estate of the parent in question, in this case Gertrude, and not the estate of someone else. See 5 N. H. Laws 380; *Boucher* v. *Lizotte,* 85 N. H. 514.

Thus it appears that we have here two valid wills, one by Perkins Bass, the other by Gertrude Bass Warner. In each of these instruments the intent of the testator and testatrix respectively is clear that the property should not become part of Gertrude's estate. This intent is neither illegal nor impossible of execution; there are no countervailing equities such as might be claimed by creditors and we see no sufficient reason to depart from our rule that a testator's expressed wishes must be respected. The conclusion reached renders unnecessary consideration of other questions and the order is

*Appeal dismissed.*

All concurred.