CHARLES L. HARRISON & others, trustees, *vs.* COMMISSIONER OF CORPORATIONS AND TAXATION.

EDWARD W. HUTCHINS & another, trustees, *vs.* SAME.

EDWARD W. HUTCHINS & others, trustees, *vs.* SAME.

Suffolk.    November 5, 1929. — September 11, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Tax,* On income. *Trust. Jurisdiction. Constitutional Law,* Taxation.

Allegations of a complaint under G. L. c. 62, § 47, for abatement of an income tax, brought by three trustees, two resident in this Commonwealth and one in Connecticut, appointed by a court of the State of New York under the will, allowed by that court, of one who had died there domiciled, that the trusts were "resident trusts" in that State, that the trustees regardless of their residence were subject to taxation in that State for the same gains as had been here taxed, that they there had been taxed therefor and had paid that exaction, and that the trustees were required to act as a unit in holding, owning and dealing with the trust property, were sufficient upon demurrer to the complaint to require the conclusion that by the laws of that State the situs of such trust continued for purposes of taxation within that sovereign power.

The income tax established by our laws is a tax on property and not an excise tax.

Where a will of one who died domiciled in another State has been allowed by a court of such domicil and such court has appointed trustees under the will to hold and administer intangible personal property according to its provisions with responsibility for accounting to such court, it is within the competency of that State to require that such intangible personal property shall have and continue to have a situs for taxation within its jurisdiction irrespective of the place where the evidences of title to such property are kept and of the places of residences of the trustees.

When such other State in all the circumstances above described by its enactment has established a situs for taxation within its jurisdiction

over such intangible personal property, this Commonwealth has no jurisdiction also to impose a tax under the provisions of G. L. c. 62, § 10.

If three trustees under a will, only one of whom is a resident of this Commonwealth, who were appointed by the court of the domicil of a testator in another State by the laws of which there was not established a situs for taxation within its jurisdiction of intangible personalty, receive gains and profits from purchases and sales of securities, as to which there is no beneficial owner at present ascertainable and which under the provisions of the will, as accretions of capital, become a part of a remainder ultimately to vest upon the happening of a contingency or in persons unborn or not yet ascertained, the Commonwealth is not given by G. L. c. 62, § 10, jurisdiction to levy a tax upon the entire amount of such income nor upon the proportion of the income attributable to the resident trustee.

THREE COMPLAINTS, filed in the Superior Court respectively on February 9, May 11 and May 11, 1928, for the abatement of certain income taxes.

The respondent demurred. The demurrers were heard by *Weed*, J., and were sustained. The complainants appealed.

*G. Calkins*, for trustees under the will of William A. Slater.

*H. LeB. Sampson*, (*E. A. Howe* with him,) for trustees under the will of Francis D. Lecompte and trustees under the will of Frank E. Lecompte.

*R. A. Cutter*, Assistant Attorney General, for the respondent.

RUGG, C.J. These are complaints for the abatement of income taxes assessed to and paid by the complainants on account of net gains and profits received from purchases and sales of securities. The complainants in each of the three cases are trustees under the wills of testators domiciled outside this Commonwealth at the time of their respective deaths, and hold their appointments as trustees under courts of jurisdictions other than this Commonwealth. In the first two cases each testator died a resident of New York. The two trustees in the first case are residents of this Commonwealth. Two of the three trustees in the second case are residents of this Commonwealth and the other is a resident of Connecticut. In these two complaints it is alleged that the trustees were appointed

by the appropriate court of the State of New York, that under the laws of the State of New York said trust, having been created by the will of a resident of New York and proved and allowed in a court of that State, is a resident trust, and the trustees irrespective of the places of their residences became liable to the State of New York for an income tax on the gains and profits here sought to be taxed, that the gains taxed by the defendant were subject to taxation in that State and that taxes thereon have been assessed and paid, that the trustees, regardless of their residence, are accountable for the administration of their trusts to the courts of New York and are required by the law of New York to act as a unit in holding, owning and dealing with the property of the trust. In the third case the testator died a resident of the District of Columbia. The trustees, one a resident of this Commonwealth, one of New York and one of California, derive their appointments from the appropriate court of the District of Columbia. The trust is being administered by that court under and pursuant to the laws of the District of Columbia. The net gains and profits here taxed represent accretions of capital and not income. No part thereof has been or can be paid over to persons entitled to receive the net income of the trust during their lives or to any direct or contingent remaindermen until the termination of all the numerous life estates. In no one of the complaints is there an allegation as to the place where the trust property is physically kept. In each case the income taxed was accumulated under the terms of the will for the benefit of unborn or unascertained remaindermen or persons with contingent interests. The defendant demurred to the complaint in each case. The demurrer was sustained with leave to amend, and in each case without amendment the complainants appealed. All the facts set forth in each complaint must be accepted as true for the purposes of this decision.

It is not necessary to state the testamentary provisions in each case with reference to its particular facts. It seems plain that the income upon which the tax was levied be-

came a part of a remainder ultimately to vest upon the happening of a contingency or in persons now unborn or not yet ascertained. *Thomson* v. *Ludington*, 104 Mass. 193. *Clarke* v. *Fay*, 205 Mass. 228. *Carr* v. *New England Anti-Vivisection Society*, 234 Mass. 217.

It is too plain for discussion that the tax in each case was assessed upon the excess of gains over the losses received by each trust from purchases or sales of intangible personal property and hence was income taxable at the rate of three per cent per annum if otherwise subject to taxation under our laws. G. L. c. 62, § 5 (c) as amended by St. 1922, c. 449. (See now St. 1928, c. 217, § 1.) *Tax Commissioner* v. *Putnam*, 227 Mass. 522, 524–531. *Brown* v. *Commissioner of Corporations & Taxation*, 242 Mass. 242, 244.

It is provided by G. L. c. 62, § 10, so far as here material, that "The income received by estates held in trust by trustees, any one of whom is an inhabitant of the commonwealth . . . shall be subject to the taxes assessed by this chapter to the extent that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth. Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests shall be taxed as if accumulated for the benefit of inhabitants of the commonwealth." The question to be decided is whether the income is taxable upon the facts of each case under the part of § 10 just quoted.

The language of the section as mere matter of fair construction and interpretation covers the facts here stated and makes the income subject to the tax. The first sentence of the section renders subject to the tax such income received by resident trustees or by trustees appointed by a court of this Commonwealth as is payable to or accumulated for the benefit of inhabitants of this Commonwealth. Residence of the beneficiary within the Commonwealth is made the basis of the tax imposed by this sentence. The second sentence puts in the same classification for purposes of taxation income accumulated in trust for the benefit of

unborn or unascertained persons or persons with contingent interests. In substance and effect it defines such beneficiaries as belonging to the same class as beneficiaries who are inhabitants of the Commonwealth. Those two sentences were somewhat separated in the original enactment of the income tax law, see St. 1916, c. 269, § 9, and were even more widely set apart by the amendments made by St. 1918, c. 207. But they were in substantially the same words and had the same meaning and effect. The revision whereby they were put in juxtaposition in the present § 10 wrought no change in meaning, but simply made their relation more clear.

Examination of the history of the parts of § 10 does not disclose any legislative purpose to make exceptions to its general phraseology. That section indicates an intention on the part of the General Court to tax all the income there described which is within its power to tax. It is as broad as the jurisdiction of the Commonwealth. *Kinney* v. *Treasurer & Receiver General,* 207 Mass. 368, 369. *Peabody* v. *Treasurer & Receiver General,* 215 Mass. 129, 130. *Follett* v. *Commissioner of Corporations & Taxation,* 267 Mass. 115, 118.

The question therefore is narrowed to the point whether there was jurisdiction in the Commonwealth, under the governing section of the statute, to levy the taxes here assailed.

The language of § 10 is broad enough to include taxation on income in the circumstances here in issue; "But it is a rule of law that a statute which would be unconstitutional as applied to a certain class of cases, and is constitutional as applied to another class, may be held to have been intended to apply only to the latter class, if this seems in harmony with the general purpose of the Legislature." Knowlton, C.J. *Attorney General* v. *Electric Storage Battery Co.* 188 Mass. 239, 241. *W. & J. Sloane* v. *Commonwealth,* 253 Mass. 529, 534 and cases cited.

The allegations of the complaints in the first two cases as we interpret them show that the laws of New York establish the situs of the trusts for the purposes of taxation in

that State. The averments that in the circumstances disclosed the trusts were "resident trusts" in that State, that the trustees regardless of their residence are subject to taxation in that State for the same gains as have been here taxed, that they have been taxed therefor and have paid that exaction, and that the trustees are required to act as a unit in holding, owning and dealing with the trust property, are sufficient to require the conclusion that by the laws of that State the situs of each of the trusts arising under the wills of deceased residents of that State continues for purposes of taxation within that sovereign power. The trust on which the property is held in each case was created by judicial decree of a court of another jurisdiction. Its terms can be enforced only by the courts of that jurisdiction. They cannot be enforced by courts of this Commonwealth even though all the trustees might reside here. *Jenkins* v. *Lester*, 131 Mass. 355. Interpretation of the terms of the will ordinarily is not within the province of our courts. *Emery* v. *Batchelder*, 132 Mass. 452. There is nothing in these records to indicate that the trustees were obliged to resort to the courts of this Commonwealth for aid in the performance of any duty resting upon them under the trust. *Bliss* v. *Bliss*, 221 Mass. 201. Compare *Baldwin* v. *Missouri*, 281 U. S. 586, 593, 597; *Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204, 208. It is to be noted that the income tax established by our laws is a tax on property and not an excise tax. *Opinion of the Justices*, 220 Mass. 613, 624. *Hart* v. *Tax Commissioner*, 240 Mass. 37, 39. *Opinion of the Justices*, 266 Mass. 583, 585. We think that it is within the competency of New York to require that the intangible personal property of one of its deceased residents, whose will has been allowed by its court acting as the court of the domicil of the decedent, in the custody of fiduciaries appointed by such court to hold and administer that intangible personal property according to the will of the deceased resident and being so held and administered by such fiduciaries with responsibility for accounting to that court, shall have and continue to have a situs for taxation within its jurisdiction. Intangible personal property in these circumstances

manifestly is within the jurisdiction of the courts of New York for all purposes of administration. The management, investment, safety, accountability, sale, transfer, control and final distribution of such property are vested in the courts of New York. See *Sewall* v. *Wilmer*, 132 Mass. 131, 136, 137. We should feel bound to say, as we have said in effect, that in similar circumstances it is within the competency of the General Court to declare that such intangible property has a domicil for taxation within the Commonwealth regardless of the residence of the fiduciaries holding the legal title for trust purposes. It must be conceded that other States have the same power. That conclusion does not rest upon any general theory of official residence of the fiduciary within the jurisdiction of his appointment, but it rests upon the power of the State to establish a situs for purposes of taxation over a testamentary trust fund created by its deceased residents in intangible personal property being administered by appointees of its own court, under its own laws, and thus to continue for practical purposes within its jurisdiction all control over the trust and especially control for purposes of taxation. The conclusion rests also upon interstate comity which except in unescapable circumstances would not permit taxation in this Commonwealth of property thus within the jurisdiction of another State. All this was decided in substance in *Newcomb* v. *Paige*, 224 Mass. 516. When a situs for taxation is established for purposes of taxation in New York in the circumstances here disclosed, there seems to us to be no room for a situs of the same property for taxation within this Commonwealth. The principle, that the situs of intangible property held in trust, in the absence of other controlling factors follows the person of the trustee, becomes inapplicable because by a dominating law its situs is fixed in the place where the testamentary trust was created and established and is being administered under direction of its court. For all purposes incident to the cases at bar, its situs is immovably established within the State where the testamentary trust of which it is a part is being administered.

The decision in *Welch* v. *Boston*, 221 Mass. 155 is not at

variance. It there was held that residents of Massachusetts appointed trustees under the will of a deceased resident of Maine by the court of that State were taxable here under St. 1909, c. 490, Part I, § 23, Fifth, for bonds and shares of stock in corporations belonging to the trust, although these intangibles were deposited and kept in Maine and the beneficiaries of the trust were all non-residents of this Commonwealth. That decision rested on the uncontrolled presumption that title to intangible securities, with all incidents including liability to taxation, follows the residence of the owner. *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 208, 209. *Hawley* v. *Malden,* 232 U. S. 1, 12. It was there pointed out as factors upon which the decision rested that there was nothing to justify the inference that the trust fund was regarded as in the custody of the foreign court or that there was any provision in the law of Maine establishing a situs of the trust funds in that State for purposes of taxation. We do not regard the principles of *Maguire* v. *Tax Commissioner,* 230 Mass. 503, as relevant to the cases at bar. The decision and discussion in *Bellows Falls Power Co.* v. *Commonwealth,* 222 Mass. 51, related to quite different questions from those here presented. The authority of these adjudications is not shaken by anything here decided. Although reliance in argument was placed upon *Hemenway* v. *Milton,* 217 Mass. 230, *Brewster* v. *Commissioner of Corporations & Taxation,* 251 Mass. 49, and *Longyear* v. *Commissioner of Corporations & Taxation,* 265 Mass. 585, the governing principles of those decisions are not pertinent to the grounds upon which this decision rests.

In our opinion it follows that there was no jurisdiction to levy the taxes on the gains of the two New York trusts. For discussion of cognate questions, see *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, 202; *Frick* v. *Pennsylvania,* 268 U. S. 473, 488–489; *Rhode Island Hospital Trust Co.* v. *Doughton,* 270 U. S. 69; *Blodgett* v. *Silberman,* 277 U. S. 1, 12–18; *Brooke* v. *Norfolk,* 277 U. S. 27, 29.

The allegations in the complaint of the trustees of the

trust established by the will of the deceased resident of the District of Columbia are different in nature from those in the other two complaints. No one of the averments in this complaint goes so far as to show a situs of the trust for purposes of taxation within the District of Columbia under its laws. The allegation to the effect that the trust has been and now is being administered by the court of the District of Columbia under and pursuant to its laws is no more than would be implied by law in respect of a testamentary trust to administer which trustees have been appointed by the court of the State of the domicil of the deceased testator. The principles governing the New York trusts are not relevant to the facts of the record in this case.

There is no beneficial owner at present ascertainable of the gains which have accrued to this trust. The jurisdiction to tax rests solely on the fact that one of three trustees was resident in this Commonwealth. We are of opinion that this fact will not support a tax upon the entire gain to the trust. This is not a case where all the trustees were residents of this Commonwealth as in *Welch* v. *Boston, supra;* hence the doctrine of that case is inapplicable. *Fidelity & Columbia Trust Co.* v. *Louisville,* 245 U. S. 54. *Blodgett* v. *Silberman, supra.* The plain intimation in *Brooke* v. *Norfolk, supra,* is that a tax cannot be imposed upon the whole of the trust income received by trustees under a testamentary trust appointed by a court of a foreign jurisdiction merely because of the residence of one of several trustees in the taxing State. We think that this must be so on principle. Otherwise in the case at bar if the State of the residence of each trustee exerted to the full its taxing power, the entire income of the trust would be subject to three different taxes in each of three States. See *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 209, 210. Such a result is in contravention of the theory of taxation that it is money exacted from the inhabitant in return for the protection afforded by established government. *Frick* v. *Pennsylvania,* 268 U. S. 473, 495. The present record is bare of any support for

a contention that all the income was received by the resident trustee. It follows that the tax on the entire income cannot be upheld.

The defendant argues upon this aspect of the case that if the tax is bad to the extent that the nonresident trustees had an undivided part interest, then it is valid upon the proportion of the income attributable to the resident trustee. This contention cannot be supported. Manifestly that situation was not before the mind of the Legislature in enacting § 10. It was not framed to cover such facts. Its words are not susceptible of that construction. So to interpret the statute would be to supply something not in it rather than to interpret its words. We cannot go so far. We can construe the law only as it was promulgated. *Arruda* v. *Director General of Railroads*, 251 Mass. 255, 263. To adopt this contention would be "legislative work beyond the power and function of the court." *Hill* v. *Wallace*, 259 U. S. 44, 70. It would in substance and effect be "to make a new law, not to enforce an old one. This is no part of our duty." *United States* v. *Reese*, 92 U. S. 214, 221.

The result is that in our opinion the tax assessed in each case was beyond the jurisdiction of the Commonwealth. It was error to enter orders sustaining the demurrers. In each case that order is reversed and the demurrer is to be overruled.

*Ordered accordingly.*