The First National Bank of Boston, trustee, *vs.* Commissioner of Corporations and Taxation.

Suffolk.    December 12, 1931. — May 19, 1932.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Tax,* On income. *Trust. Jurisdiction.*

*It seems,* that General Laws of Vermont, c. 38, § 703 (V), as amended by Acts of 1929, No. 21, did not establish a taxable situs in Vermont for a trust created under the will of one who died domiciled in that State, where the will was probated and the trustee was appointed in a court of that State, but the trustee was a national bank located in this Commonwealth, the property of the trust was located here and the sole beneficiary of the trust resided here.

It was within the jurisdiction of this Commonwealth to assess a tax upon income received by the beneficiary of the trust above described, whether or not such income was subjected to a tax in Vermont.

Such income, received by the beneficiary in 1929, was taxable under G. L. c. 62, § 10.

Appeal, filed in the Supreme Judicial Court for the county of Suffolk on July 31, 1931, from a decision by the Board of

Tax Appeals in favor of the commissioner of corporations and taxation, who had refused to abate a certain tax on income assessed to the appellant, as described in the opinion.

Material facts agreed upon by the parties appear in the opinion.

The case was submitted on briefs.

*G. S. Fuller & C. J. Winkler, Jr.,* for the petitioner.

*J. E. Warner,* Attorney General, *& C. F. Lovejoy,* Assistant Attorney General, for the respondent.

RUGG, C.J.   This is a proceeding for the abatement of an income tax assessed upon the appellant with respect to income received by it in 1929 as trustee under the will of a deceased resident of Vermont for the benefit of and paid to a beneficiary resident in this Commonwealth.   The testatrix died domiciled in Vermont on December 31, 1927. Her will was duly proved and allowed by the appropriate court of that State.   The appellant, a national banking association having its principal place of business at Boston in this Commonwealth, was appointed trustee under the will by the court of Vermont and is accountable to that court for the administration of its trust under and pursuant to the laws of that State.   The sole present beneficiary as life tenant under the will resides in this Commonwealth. The securities which form the corpus of the trust are and have been during the time here material kept in this Commonwealth.   The trustee received interest and dividends from these securities which if received by an individual resident of this Commonwealth would be taxable to him and paid such income to the life beneficiary resident in this Commonwealth as directed by the will.   No question is made as to the amount of the tax if any is due.   The appellant has conformed to all the requirements of the laws of Vermont precedent to being permitted as a national banking association with its principal place of business in this Commonwealth to act as trustee and in general with respect to the trust.   The appellant alleges that it is taxable in Vermont under a statute of that State.   Taxes were assessed for the years 1929 and 1930 to the appellant in the town in Vermont where the testatrix resided at the time

of her death.  Such taxes were computed on a percentage
of the valuation of the trust estate and "were claimed to
have been assessed upon the equitable interests of the
beneficiaries of the trust by virtue of the authority of sub-
division V of section 703 . . . of the . . . General Laws,
as amended by the Acts of 1929, No. 21." It has been
found as a fact that the taxes were so assessed to the appel-
lant as trustee upon the equitable interest of the benefici-
aries in the town where the testatrix last resided in Ver-
mont.  The appellant contends that the tax thus imposed
is a direct property tax.  The appellant has in fact paid
such taxes in that State.

The appellant filed with the commissioner of corpora-
tions and taxation a return of the income received by the
beneficiary for 1929, and was assessed an income tax thereon
which it paid.  It seasonably petitioned for abatement of
this tax on the ground that jurisdiction for taxation of the
trust was in Vermont and that this Commonwealth was
without jurisdiction to levy the tax here in question.  That
is the contention here presented for consideration.

The statute of Vermont, after providing for the listing
for purposes of taxation of personal property held in trust
by a resident trustee and by a nonresident trustee for the
benefit of a resident beneficiary, so far as material to the
facts in this case is in these words: ". . . if such trust was
created under the laws of this state, or was established
under the terms of a will probated in this state, and the
person holding the property in trust, or the trustee, and the
beneficiary, both reside without the state, then the equi-
table interest of the beneficiary shall be set in the list to
him, or to the trustee, in the town, village, school and fire
district where the creator of the trust, or the decedent,
last resided in this state." General Laws of Vermont, c. 38,
§ 703 (V), as amended by Acts of 1929, No. 21.  The relevant
statutes of this Commonwealth under which the tax is or
might be levied are these sections of G. L. c. 62 (the amend-
ment made by St. 1931, c. 456, being inapplicable to the
case at bar): "Section 10.  The income received by estates
held in trust by trustees, any one of whom is an inhabitant

of the Commonwealth or has derived his appointment from a court of the Commonwealth, shall be subject to the taxes assessed by this chapter to the extent that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated, are inhabitants of the Commonwealth . . . . Section 11.   If an inhabitant of the Commonwealth receives income from one or more trustees, none of whom is an inhabitant of the Commonwealth or has derived his appointment from a court of the Commonwealth, such income shall be subject to the taxes imposed by this chapter, according to the nature of the income received by the trustees."

No decision of the Supreme Court of Vermont has been brought to our attention and we have found none interpreting the quoted statute of that State as applied to facts at all similar to those here presented.   The correct construction of that statute seems to us to be that it does not purport to establish a situs within the State of Vermont for the purposes of taxation of the corpus of all estates held in trust under wills of deceased residents and in process of administration or settlement by fiduciaries appointed by its courts and thus to make such estates resident trusts. We are of opinion that the words of that statute forbid such interpretation.   Their scope is to subject to taxation only the "equitable interest of the beneficiary."   That interest is property different in kind from the legal ownership. That interest belonged to the beneficiary of the trust who was a resident not of Vermont but of this Commonwealth. Whatever may be the validity of the statute it falls short of creating a taxable situs in Vermont for the property constituting the trust in the case at bar.   The statute does not create a situs in Vermont for taxation over the property which has been subjected to taxation in this Commonwealth. The principle on which the decision in *Harrison* v. *Commissioner of Corporations & Taxation*, 272 Mass. 422, rests is inapplicable to the case at bar.   In that case a taxable situs for each of the several trusts had been established in the State where it was created by the law of that State and no beneficiary of the several trusts was a resident of this Com-

monwealth. It was held that there was no jurisdiction in this Commonwealth to levy a tax under such conditions.

Whatever may be the right interpretation of the statute of Vermont, we think that the tax here in question was rightly levied. The language of G. L. c. 62, § 10, is precisely applicable to the facts here disclosed. The beneficiary of the trust and the recipient of the income sought to be taxed was at all times here material a resident of this Commonwealth. That person and not the trustee under the will was the real person in interest. The trustee who held the legal title to the securities from which the income was derived also had its principal place of business within this Commonwealth. If the trustee were not a resident of the Commonwealth, the income received by the beneficiary would have been taxed directly to the beneficiary, under G. L. c. 62, § 11. The purpose of the General Court to assess the tax ultimately upon the resident recipient of income thus is clear. Where the trustee as well as the beneficiary is within the jurisdiction of this Commonwealth, the tax as matter of convenience in administration is assessed to the trustee, but it is so assessed because of the residence of the beneficiary. The appellant as a national banking association was subject to the laws of this Commonwealth, where it was located, except as they may conflict with the paramount law of the United States and is to be deemed an inhabitant of this Commonwealth. *Continental National Bank of Memphis* v. *Buford*, 191 U. S. 119, 123, 124. *First National Bank in St. Louis* v. *Missouri*, 263 U. S. 640, 656. *Missouri* v. *Duncan*, 265 U. S. 17. *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 274 Mass. 583. If the trustee were not within the jurisdiction of the Commonwealth, the tax would be assessed directly to the beneficiary.

The case at bar appears to us to be governed by *Maguire* v. *Trefry*, 253 U. S. 12, where *Maguire* v. *Tax Commissioner*, 230 Mass. 503, was affirmed. In that case an income tax was levied upon a resident of this Commonwealth in respect of income received from a trust created by the will of a deceased resident of Pennsylvania held and adminis-

tered by a trustee domiciled in that State. It was said in 253 U. S. 12, at pages 16–17: "In the present case we are not dealing with the right to tax securities which have acquired a local situs, but are concerned with the right of the State to tax the beneficiary of a trust at her residence, although the trust itself may be created and administered under the laws of another State . . . . It is true that the legal title of the property is held by the trustee in Pennsylvania. But it is so held for the benefit of the beneficiary of the trust, and such beneficiary has an equitable right, title and interest distinct from its legal ownership. 'The legal owner holds the direct and absolute dominion over the property in the view of the law; but the income, profits, or benefits thereof in his hands, belong wholly, or in part, to others.' 2 Story's Equity, 11th ed., § 964. It is this property right belonging to the beneficiary, realized in the shape of income, which is the subject-matter of the tax under the statute of Massachusetts. The beneficiary is domiciled in Massachusetts, has the protection of her laws, and there receives and holds the income from the trust property. We find nothing in the Fourteenth Amendment which prevents the taxation in Massachusetts of an interest of this character, thus owned and enjoyed by a resident of the State." That decision has never been overruled. It must be taken to express the present views of the Supreme Court of the United States. The statute under consideration in that case (St. 1916, c. 269, §§ 2, 11, 14; St. 1909, c. 490, Part I, § 23, Fifth) has been since amended so as to eliminate the exemption from taxation of income received by a resident of this Commonwealth from securities when such securities have been taxed directly to the trustees in the foreign State. That change was rendered advisable, if not necessary, by the recasting of our statutes touching taxation, whereby certain intangible securities formerly taxable at their market value were exempted from direct taxation and a comprehensive tax on the income derived from such securities was substituted. St. 1918, c. 129. (See *Tax Commissioner* v. *Putnam*, 227 Mass. 522.) In our opinion that change in the statute does not affect the validity of

the tax here assailed.  We adhere to the reasoning of our decision in *Maguire* v. *Tax Commissioner,* 230 Mass. 503, and, without repeating, rest this decision upon it.  The ground upon which the tax was upheld by the United States Supreme Court in the *Maguire* case, as shown by the quotation already made from its opinion, was that the beneficiary, upon whom the burden of the tax fell, was domiciled in this Commonwealth, received at her domicil the income from the trust, and was protected by the State laws of her domicil in the receipt and enjoyment of the income.  That is adequate basis for jurisdiction to levy the tax.  That principle supports the right to tax equally whether the foreign State, where may be located the situs of the trust fund, sees fit to impose a tax or not.  In the case at bar the trustee physically held the securities constituting the trust at its principal place of business within this Commonwealth.  It was an inhabitant of this Commonwealth within G. L. c. 62, § 10.  The general rule in the absence of other special and controlling factors is that the situs of intangible personal property such as constituted the corpus of this trust follows the residence of the trustee.  *Welch* v. *Boston,* 221 Mass. 155.  *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422, 429.  *Safe Deposit & Trust Co. of Baltimore* v. *Virginia,* 280 U. S. 83.  *Baldwin* v. *Missouri,* 281 U. S. 586.  Thus jurisdiction is complete, both the legal owner of the corpus of the trust and the beneficiary of the trust being residents within the taxing State.  It is to be observed that under G. L. c. 62, §§ 10, 11, no tax can be levied upon income received by a beneficiary of a trust resident in a foreign jurisdiction from a trustee resident in this Commonwealth.  See also Public Acts of Vermont 1931, No. 17, Part I, § 4 (1a), § 7 (4).

We are of opinion that the force and effect of *Maguire* v. *Trefry,* 253 U. S. 12, have not been shaken or narrowed by more recent decisions of the United States Supreme Court. It was stated in *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, at page 210: "In this Court the presently approved doctrine is that no State may tax anything, not within her jurisdiction without violating the Fourteenth

Amendment." That is the rule adopted in the *Maguire* case. It is the rule affirmed and applied in *Lawrence* v. *State Tax Commission of Mississippi*, decided May 16, 1932, 286 U. S. 276. It is the rule of our decision in the case at bar. To repeat, the basis of this tax is the receipt in this Commonwealth by a resident of this Commonwealth from a trustee also resident in this Commonwealth, of income from securities physically kept within this Commonwealth. That income is made the subject of the tax. There can be no doubt that income is a proper subject for taxation. It seems clear to us that there was jurisdiction in this Commonwealth to levy this tax. Whether the property from which that income was derived has been subjected to a tax in some other jurisdictions does not prevent the levy on the income here. Such a tax stands upon as firm footing as does a tax upon shares of stock in a foreign corporation or upon the income from such shares assessed to the owner thereof in the State of his domicil although the property and assets of the corporation may have been lawfully taxed at their full value in some other jurisdiction. *Hawley* v. *Malden*, 232 U. S. 1.

The case at bar seems to us distinguishable from recent decisions of the United States Supreme Court relied upon by the appellant. In *Safe Deposit & Trust Co. of Baltimore* v. *Virginia*, 280 U. S. 83, the effort was to tax possible ultimate resident beneficiaries of a trust established under the laws of another State, who had actually received nothing and might never receive anything from the trust and who had no control over the trust. The accomplishment of such an effort was held to be beyond the power of the taxing State. Other cases such as *Blodgett* v. *Silberman*, 277 U. S. 1, *Farmers Loan & Trust Co.* v. *Minnesota*, 280 U. S. 204, *Baldwin* v. *Missouri*, 281 U. S. 586, *Beidler* v. *South Carolina Tax Commission*, 282 U. S. 1, and *First National Bank of Boston* v. *Maine*, 284 U. S. 312, deal with succession and inheritance taxes and are not directly in point upon the facts here presented. Of course we accept and try to follow implicitly the principle of those decisions in cases to which they are applicable. It does not seem to

us necessary to review them because, adopting the principles they declare, there appears to us to be nothing in any of them which affects the validity of the tax here assailed or which renders impertinent the decision in *Maguire* v. *Trefry,* 253 U. S. 12.

*Petition dismissed.*