HARVARD TRUST COMPANY, trustee, *vs.* COMMISSIONER OF
CORPORATIONS AND TAXATION.

Suffolk.   November 23, 1932. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Tax,* On income.   *Trust Company.   Conflict of Laws.   Corporation,* Domicil.
  *Jurisdiction.   Trust,* Situs.

A trust company which had been incorporated under the laws of this
  Commonwealth, had its usual place of business at a city here and had
  been appointed by a court of another State trustee under the will of
  one who died domiciled in that State, where the will had been probated,
  was an inhabitant of this Commonwealth within the meaning of G. L.
  c. 62, § 10.
Said trust company having contended in proceedings here that a certain
  statute of the other State prevented the imposition here of a tax upon
  certain gains received by the trust, and that statute not having been
  interpreted, with respect to the particular facts appearing, by the court
  of last resort of that State, it became the duty of this court to construe
  the statute as it applied to those facts.
General Laws of Vermont, § 703, V, as amended by Acts of 1929, No. 21;
  and §§ 5013, 5014, 5015, as amended by Acts of 1925, No. 84, did not
  establish a situs in Vermont for taxation of the corpus of a trust cre-
  ated under the will of one who died domiciled in that State, where the
  will was probated and the trustee appointed in a court of that State,
  but the trustee was a trust company organized under the laws of this
  Commonwealth and having its usual place of business here, the prop-
  erty of the trust was located here, the persons entitled to the income
  from the trust fund were residents of this Commonwealth, of Vermont
  and of Illinois, and the persons entitled to the principal upon termina-
  tion of the trust were persons unknown or unascertained.
In the circumstances, the assessment and payment of a tax in Vermont
  upon the corpus of such trust was not a bar to the assessment in this
  Commonwealth of a tax under G. L. c. 62, § 10, upon gains received
  by the trustee in 1929 from sales of intangible personal property con-
  stituting a part of the principal of the trust fund.
It *was stated* that it would have been within the power of the State of
  Vermont to establish a situs in that State for the taxation of the corpus
  of such trust fund.
In the circumstances, such gains were taxable in this Commonwealth under
  G. L. c. 62, § 10.
The propriety of so taxing such gains here was not affected by St. 1928,
  c. 128, which does not purport to change the laws relating to taxation.

APPEAL, filed in the Supreme Judicial Court for the county of Suffolk on July 25, 1932, by a taxpayer from a decision by the Board of Tax Appeals refusing an abatement of a certain tax on income.

Material facts are stated in the opinion.

*W. Noyes*, for the appellant.

*J. E. Warner*, Attorney General, & *C. F. Lovejoy*, Assistant Attorney General, for the commissioner of corporations and taxation, submitted a brief.

RUGG, C.J.  This is a proceeding for the abatement of an income tax assessed to a trustee with respect to gains from purchases and sales of securities belonging to the principal of a trust estate.  The appellant is a trust company organized under the laws of this Commonwealth and having its usual place of business in Cambridge.  In 1928 it was appointed by the appropriate probate court of the State of Vermont trustee under the will of a deceased resident of that State whose will had been duly proved and allowed by that court.  By the will the residue of the testator's estate was given to the appellant in trust, after an annuity to a sister, to pay the balance of the net income in equal parts to three children of the testator and to distribute the principal upon the termination of the trust among their issue. The sister and one of the children are residents of this Commonwealth, another child is a resident of Vermont, and the third of Illinois.  The persons entitled to the remainder are persons unknown or unascertained.  The securities were kept by the appellant in this Commonwealth.  Under the laws of Vermont the appellant filed a stipulation that property held by it by virtue of its appointment should be taxed in the same manner and to the same extent as funds of the same character held by a trust company in that State, and it received a certificate of authority to act as trustee in Vermont.  Taxes were assessed to and paid by the appellant in Vermont, which were computed on a percentage of the valuation of the trust estate and amounted for 1929 to $2,561.56 and for 1930 to $3,790.37. The appellant during 1929 received gains from sales of intangible personal property constituting a part of the cor-

pus of the trust on which a tax, after the allowance of a partial abatement, amounting to something more than $2,300, was assessed by the commissioner of corporations and taxation and is here sought to be abated.

This tax was assessed under G. L. c. 62, § 10, as it stood prior to its amendment by St. 1931, c. 456, § 1. Its material words were: "The income received by estates held in trust by trustees, any one of whom is an inhabitant of the commonwealth . . . shall be subject to the taxes assessed by this chapter to the extent that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated, are inhabitants of the commonwealth. Income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests shall be taxed as if accumulated for the benefit of inhabitants of the commonwealth."

The gains on which the tax was assessed belonged to the principal of the trust estate. If subject to taxation in this Commonwealth such gains were taxable as income accumulated for the benefit of those interested in the remainder, who confessedly were persons unborn or unascertained. The appellant, being incorporated under the laws of, and having its usual place of business at Cambridge within, this Commonwealth, is an inhabitant of and domiciled in this Commonwealth. *Collector of Taxes of Boston* v. *Mount Auburn Cemetery*, 217 Mass. 286, 290. *National Leather Co.* v. *Commonwealth*, 256 Mass. 419, 424. *Cream of Wheat Co.* v. *Grand Forks County*, 253 U. S. 325, 328.

The appellant contends, however, that the statutes of Vermont, in which State the appellant has been assessed and has paid a property tax, prevent a legal assessment of the income in this Commonwealth. This contention rests in part upon subsection V of the Vermont General Laws, § 703, as amended by Acts of 1929, No. 21, which is in these words: "*Trust estate.* Personal estate held in trust, except such as shall be so held by banking institutions and taxed under the provisions of chapter forty-six or forty-eight, the income of which is to be paid to or expended for the benefit of another person or beneficiary, shall be set in

the list to the person holding it in trust or to the trustee, in the town, village, school and fire district where such other person, or beneficiary, resides, if he resides in this state, otherwise to the person holding it in trust, or to the trustee, in the town, village, school and fire district where he resides, or if the trustee is a corporation, where such corporation has its principal office; but if the person holding it in trust, or the trustee, resides without the state, the equitable interest of such other person, or beneficiary, in such trust property shall be set in the list to such other person, or beneficiary, in the town, village, school and fire district where he resides; and if such trust was created under the laws of this state, or was established under the terms of a will probated in this state, and the person holding the property in trust, or the trustee, and the beneficiary, both reside without the state, then the equitable interest of the beneficiary shall be set in the list to him, or to the trustee, in the town, village, school and fire district where the creator of the trust, or the decedent, last resided in this state.'' There was received in evidence an affidavit of local assessors, called listers, stating that in the exercise of authority given them the taxes in question were assessed under the first clause of this subdivision V. This statute, so far as we are aware, has not been interpreted by the Supreme Court of Vermont in respect to this contention as applied to facts similar to those here presented. It is therefore our duty to construe it. *Western Life Indemnity Co. of Illinois* v. *Rupp*, 235 U. S. 261, 274. This statute in its first clause provides for a tax on the corpus of the fund to a resident trustee only in the event that the beneficiary resides out of the State. It makes no provision for a tax on the corpus of the fund when the trustee is a nonresident. As already pointed out, the appellant resides out of the State. Therefore, the tax assessed in Vermont could not rightly have been assessed under the first part of subsection V upon the corpus of the trust. In the circumstances disclosed the equitable interest of the beneficiaries resident in Vermont alone could have been taxed under that part of that subsection. No situs of the trust in Vermont for taxation purposes was

created.  *First National Bank of Boston* v. *Commissioner of Corporations & Taxation,* 279 Mass. 168.  See *St. Albans* v. *Avery,* 95 Vt. 249, 261, where an earlier form of the statute was under consideration.  The latter part of subsection V provides only for the taxation of the equitable interest of the beneficiary and not of the corpus of the fund. *First National Bank of Boston* v. *Commissioner of Corporations & Taxation,* 279 Mass. 168.  We do not understand it to be contended that the Vermont tax was levied under the second part of subsection V.  In any event, we find in its words no authority to levy a tax on the corpus of the trust fund, but only on the equitable interest of a beneficiary.

Reliance is also placed by the appellant upon G. L. of Vermont, §§ 5013, 5014, 5015, as amended by Acts of 1925, No. 84, whereby provision is made for the appointment of a foreign banking corporation or trust company as trustee upon compliance with certain conditions, one of which is that it shall file a stipulation agreeing that "any funds, securities or property" held by it under such appointment "shall be taxed in the same manner and to the same extent as funds of the same character held by a banking corporation or a trust company in this state."  This does not change or purport to change the terms of subsection V.  It does not provide where and how such taxes shall be assessed.  It requires submission by such foreign trustee to the authority of the State of Vermont for purposes of taxing the trust, but it does not prescribe the method of taxation.  It requires such submission in accordance with the general laws of that State as to levy and assessment of taxes.  That matter is left to be determined by subsection V.  The same difficulties about treating a nonresident corporate trustee as subject to taxation on the corpus of the fund remain as existed before its enactment.  The views of the assessors or listers on this matter create no presumption as to the validity of the tax.  That must stand or fall in accordance with the interpretation of the governing statutes.  *Gregory* v. *Bugbee,* 42 Vt. 480, 482.  *Boyce* v. *Sumner,* 97 Vt. 473, 482.

The appellant as trustee did not reside or have its principal office in Vermont. The taxes in the case at bar upon the corpus of the trust could have been levied lawfully only under the first clause of subsection V; but, since the appellant resided outside the State of Vermont, the tax rightly could have been assessed only upon the equitable interests of the beneficiaries under the latter part of that subsection and not upon the corpus of the fund under its earlier part.

The exercise of the taxing power by Vermont was no bar to the tax here assailed.

Taxation of income received by a resident trustee accruing within a State upon gains from sales of intangible securities held within the State cannot be held free from an income tax because payable ultimately to unascertained or unborn persons. The receipt of such income is sufficient basis for taxation. *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422, 425. *DeGanay* v. *Lederer,* 250 U. S. 376, 378. These securities were held physically in this Commonwealth by their legal owner resident here. Presumably the profits accruing from the sales were received here. This is income of a nature different from dividends and interest. *Tax Commissioner* v. *Putnam,* 227 Mass. 522, 531. Such income may be taxed here. *Farmers Loan & Trust Co.* v. *Minnesota,* 280 U. S. 204, 210.

Doubtless it would have been within the power of the State of Vermont to fix a situs in Vermont for the taxation of the corpus of a trust fund held by such a foreign trust company as this appellant. *Harrison* v. *Commissioner of Corporations & Taxation,* 272 Mass. 422, 428. That has not been done by any statute to which our attention has been drawn. Until jurisdiction to that end has been exercised, there is no bar to an exercise of the right of taxation by the State of the actual residence of the trustee. The provisions for taxing equitable interests so far as valid and applicable do not have the effect of excluding the jurisdiction of this Commonwealth to tax the income of the trust to a trustee resident here where presumably the income was received and is held. The situs of intangible property in these conditions follows the person of the trustee. *Harrison* v. *Com-*

*missioner of Corporations & Taxation*, 272 Mass. 422, 428. *First National Bank of Boston* v. *Commissioner of Corporations & Taxation*, 279 Mass. 168, 171.

The case at bar seems to us to be governed in all its essential constitutional and other aspects by the case last cited.

These conclusions are not affected by St. 1928, c. 128, granting to banking associations and corporations of other States reciprocal privileges to those granted to similar associations and corporations of this Commonwealth. That act does not purport to change the laws of taxation. It relates to the doing of business. See *Guaranty Trust Co. petitioner*, 248 Mass. 319.

The decision of the case at bar is not affected by St. 1931, c. 456, whereby G. L. c. 62, § 10, has been changed in material particulars as to income received during 1931 and thereafter.

These considerations are decisive of the case at bar. It is not necessary to discuss in detail the requests for rulings presented by the appellant.

*Petition dismissed.*