HORST VON HENNIG, as Trustee, et al., Plaintiffs, *v.* TOM C. CLARK, as Attorney General of the United States, et al., Defendants.

Supreme Court, Special Term, New York County, January 19, 1948.

*John F. X. McGohey, United States Attorney for Southern District of New York* (*Laurence H. Axman* of counsel), *for Tom C. Clark, as Attorney General of the United States, defendant appearing specially.*

*Lawrence R. Condon* and *Frederick Zazone* for plaintiffs.

PECORA, J. Motion made on special appearance by the Attorney General of the United States to set aside the service of the summons and complaint is granted on the ground that this court has no jurisdiction over the subject matter or person of the defendant, Tom C. Clark, as Attorney General of the United States.

Plaintiffs bring this action to settle their accounts as voting trustees, under a voting trust which expired in December, 1946, and to secure a discharge before distributing or issuing new stock certificates. Heretofore the Alien Property Custodian had vested 50% of the stock of the defendant corporation, and had obtained the stock certificates and trust certificates. The Attorney General, by Executive Order in 1946, succeeded to the powers and functions of the Alien Property Custodian (Executive Order No. 9788, Code of Fed. Reg., 1946 Supp., tit. 3, p. 169). When the voting trust expired, the Attorney General surrendered the stock and trust certificates, which had been vested, and demanded new stock certificates to be issued in the name of the Attorney General. Plaintiff Hennig, as surviving trustee, requested a waiver and release as a condition to the issuance of new stock certificates, which the Attorney General refused to execute.

Since this motion was submitted it has been called to the court's attention that in a proceeding under section 17 of the Trading with the Enemy Act (U. S. Code, tit. 50, Appendix, § 17) Judge LEIBELL, sitting in the United States District Court, Southern District of New York, on November 13, 1947, directed the corporation to issue and deliver to the Attorney General two new certificates of stock.

No suit can be brought against the United States in its sovereign capacity without its consent. Plaintiffs agree that the Attorney General, as an executive officer of the government, comes within this prohibition. (See *Cummings, Attorney-General* v. *Deutsche Bank*, 300 U. S. 115.) It is contended, however, that when the custodian vested the voting trust certificates, his right to obtain stock certificates upon termination of the trust was subject to the prior right of the trustees to an accounting. In *Kahn* v. *Garvan* (263 F. 909) it was indicated that an action for an accounting could be brought by a trustee of an *inter vivos* trust in the Federal court where the Alien Property Custodian had vested the interests of enemy aliens as *cestuis que trustent*. However, as this court pointed out in *Stern* v. *Newton* (180 Misc. 241) there is a difference between the vesting

of a *res* and an interest of an enemy alien. The *Kahn* v. *Garvan* case (*supra*) involved a vesting of an interest rather than a *res*. Where a *res* is vested, the provisions of the Trading with the Enemy Act for suits against the Attorney General, as successor to the Alien Property Custodian, are exclusive and these suits must be brought in the United States courts (Act, § 9, subd. a [U. S. Code, tit. 50, Appendix, § 9, subd. a]).

This court, therefore, has no jurisdiction over the cause of action alleged in the complaint and, furthermore, the Attorney General is immune from suit upon the ground of sovereign immunity. It becomes unnecessary, then, to consider the claim of improper service upon the Attorney General. The motion to vacate the service of the summons and complaint is granted. Settle order.