276 P.2d 899

Lynn **BROWN,** Appellant,

v.

**J. C. BROWN** and **Alvin Brown,** Appellees.

No. 5763.

Supreme Court of New Mexico.

Nov. 22, 1954.

Dee C. Blythe, Clovis, for appellant.

Compton & Compton, Portales, for appellees.

SADLER, Justice.

The appeal is from an order of the district court of Curry County dismissing plaintiff's complaint seeking an accounting from defendants, as trustees, of their administration of a fund established by them for the support and maintenance of plaintiff. Existence of the trust was confirmed by a decree of the federal court for the district of New Mexico.

The plaintiff below and the defendants are brothers. Upon the filing of the complaint, or in due season thereafter, the defendants filed a motion to dismiss upon the ground the complaint failed to state a claim upon which relief could be granted. After hearing the motion was denied and an order overruling same entered. The defendants then answered, admitting existence of the trust as per copy of decree of the United States District Court for New Mexico, attached to the complaint, and that said decree determined in full the "beneficial extent" of plaintiff thereunder. They denied they had failed, refused or neglected at any time to make an accounting to plaintiff, touching the management or proceeds of the trust.

The defendants went on to allege that there was on hand the sum of $5,203.96 to

the account of defendants as trustees in Portales National Bank in Portales, New Mexico, and that the only disbursements therefrom were to cover payments for plaintiff's support and maintenance, tax purposes and other expenses necessary for administration of the trust. The answer further alleged that plaintiff and his attorney were free at any time to inspect the records of the depository bank concerning the receipts and disbursements from the trust fund, but denied that plaintiff was entitled to the relief prayed for in his complaint.

The decree of the federal court which adjudged and confirmed existence of the trust, contained this language to wit:

"That the sole and only interest owned or possessed by said Lynn Brown in said trust estate is the right to have such funds therefrom as may be reasonable, necessary and proper for his own personal support and maintenance."

Within a few days after answering, the plaintiff moved to require defendants to make their answer more definite and certain by filing a detailed accounting of their receipts and disbursements. Following the filing of the motion to make more definite and certain, the plaintiff displaced his attorney and substituted the attorney acting for him on this appeal. Shortly thereafter, the plaintiff filed a motion, designated a motion for judgment on the pleadings,

though in effect and substance no more than the motion to make more definite and certain already on file and undisposed of.

With matters standing thus, the defendants called up for hearing their motion to dismiss, which had never been disposed of and the court sustained it. The order of dismissal, dated September 2, though not entered until September 9, 1953, recited "leave for plaintiff to file an amended complaint." The plaintiff having moved for rehearing some 30 days later, upon hearing, the motion was sustained and the order of dismissal vacated. The rehearing ordered was set for November 4, 1953, following which and bearing that date the following order was entered on November 9, 1953, to wit:

"This matter coming on to be heard before the Court upon Plaintiff's Motion for a Re-Hearing, and upon Defendants oral Motion made in open court to dismiss Plaintiff's Complaint upon the ground that same did not state a cause of action for which relief may be granted and the Court having heard counsel and being fully and sufficiently advised:

"It Is Therefore Ordered By the Court that said Motion to Dismiss be and the same is hereby allowed and that said Complaint be and the same is hereby dismissed."

It is the appeal granted by the foregoing order that is before us for determination,

the single question presented being claimed error in dismissing the complaint.

It will tend to clarify the factual background more fully if we quote at some length from the decree entered in the suit in the federal court, being a suit brought by the plaintiff herein, Lynn Brown and Marie Brown, his wife, to quiet title in them to certain lands in Lea County, New Mexico, in which they joined as defendants J. C. Brown and Alvin Brown, brothers of the plaintiff, Lynn Brown, and Portales National Bank of Portales, New Mexico, a banking corporation. In so far as material, the decree in the federal suit provided:

"The above entitled and numbered cause coming on for hearing and the Court having made findings of Fact and Conclusions of Law:

"It Is Ordered, Adjudged and Decreed By The Court:

"That Plaintiffs, Lynn Brown and Marie Brown, take nothing by reason of their complaint herein filed and the same is hereby dismissed, except insofar as a trust estate in and to funds, revenue and income arising from lands hereinafter described, be decreed to exist in favor of Lynn Brown.

"That the separate claim of Marie Brown in paragraph numbered XII immediately following the complaint of Lynn Brown and Marie Brown be and the same is hereby denied and dismissed and that Marie Brown take nothing by virtue of the allegations contained in said cross-claim or complaint.

"That the fee simple title of the defendants, J. C. Brown and Alvin C. Brown, be and the same is hereby forever quieted and set at rest as against the adverse claims of the plaintiffs, Lynn Brown and Marie Brown and that said plaintiffs and any and all persons claiming under, by or through them, or either of them, be and they are hereby forever barred and estopped from having or claiming adverse to said defendants, and any lien upon, or right, title or interest in and to the following described real estate situate in Lea County, New Mexico, to-wit:

(Description of 880 acres omitted)

"and in and to the mineral rights in and under the following described real estate, situate in Lea County, New Mexico, to-wit:

(Description of 150 acres omitted)

"That defendants, J. C. Brown and Alvin C. Brown, acquired the hereinabove described premises from plaintiff Lynn Brown upon and for the consideration that they would support and maintain said Lynn Brown during his lifetime; and in furtherance of their obligation to support said Lynn Brown during his lifetime, created a trust estate under the conditions of which any and all proceeds and revenues received or

accruing to or from said premises in any manner whatsoever should and would be dedicated and devoted to the support and maintenance of Lynn Brown alone during and throughout the lifetime of him, the said Lynn Brown; and

"It Is the Judgment and Order of the Court:

"That all funds, income and revenue accruing to or received from said lands, or any part thereof, shall constitute and be trust funds to be used solely and only for the personal support and maintenance of Lynn Brown alone throughout and during the lifetime of him, the said Lynn Brown.

"It Is the Judgment and Order of the Court:

"That the Defendants, J. C. Brown and Alvin C. Brown, in creating said trust estate for said Lynn Brown did constitute themselves as trustees of said trust estate to administer the same and carry out the provisions of said trust.

"It Is Further Ordered and Adjudged:

"That until otherwise ordered by a court of competent jurisdiction, the said J. C. Brown and Alvin C. Brown be trustees of said trust estate with full authority to administer same in accordance with the provisions of the trust so created; and that as such trustees, all funds accruing to said trust estate be devoted to the support and maintenance of Lynn Brown in such reasonable and necessary manner as the said trustees deem necessary and proper for the support and maintenance of Lynn Brown.

"It Is Further Judgment of the Court:

"That said trustees be allowed to incur and expend any reasonable or necessary funds in connection with the expense of the proper administration of the trust estate created by said trustees and ratified and adjudged by this Court.

"That said trust estate exists and shall continue to exist only during the lifetime of said Lynn Brown; that upon the death of said Lynn Brown any funds remaining in said trust estate shall revert and belong to the creators of said trust, the said J. C. Brown and Alvin C. Brown, and no right of inheritance shall exist in any person claiming by, under or through Lynn Brown and said Lynn Brown shall have no right to dispose of any of the trust funds created and set up for his use and benefit by gift, assignment, transfer, devise, bequest or otherwise.

"That the sole and only interest owned or possessed by said Lynn Brown in said trust estate is the right to have such funds therefrom as may

be reasonable, necessary and proper for his own personal support and maintenance.

"\* \* \* \* \* \*."

Apparently, the fund admitted by the answer filed to be on deposit in Portales National Bank, unexpended, represents "proceeds and revenues" received to date from the lands described in the decree for purposes of the trust.

▮ The defendants support the trial court's action on two grounds (1) that the district court of Curry County lacked jurisdiction over the *res* of a trust created by the federal court, and (2) that the complaint failed to state a claim upon which relief could be granted. If the first ground put forward to support denial of the motion be good, there is no occasion to pass upon the second ground. Furthermore, if the first ground be good, as we think it is, failure to put it forward in the trial court, in no manner bars the right to assert it here. Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979.

Counsel for defendants assert that a court setting up a trust by its decree has exclusive jurisdiction over the administration of such trust, citing Hutchins v. Commissioner of Corporations and Taxation, 272 Mass. 422, 172 N.E. 605, 71 A.L.R. 677, and Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285. See, also, 21 C.J.S., Courts, § 533, page 817. And compare Malcomb v. Smith, 54 N.M. 203, 218 P.2d 1031; State

ex rel. Hockenhull v. Marshall, 58 N.M. 286, 270 P.2d 702; Eastern Maine General Hospital v. Harrison, 135 Me. 190, 193 A. 246; Sharar v. Pollia, 10 Cir., 191 F.2d 116. See Emmerich v. City Bank Farmers Trust Co., 270 App.Div. 1003, 62 N.Y.S.2d 873; Von Hennig v. Clark, 191 Misc. 261, 76 N.Y.S.2d 350, affirmed 274 App.Div. 759, 80 N.Y.S.2d 727; Edwards v. Twine, 203 Okl. 646, 225 P.2d 359.

▮ Counsel for plaintiff seeks to make out of it simply a question of venue, capable of being waived, State ex rel. Lebeck v. Chavez, 45 N.M. 161, 113 P.2d 179, and reminds us that defendants by appearing below and failing to raise question of venue, waived it. But the federal court in setting up the trust assumed jurisdiction of the *res,* Malcomb v. Smith, supra. That it so viewed the matter is reflected in the language of the decree authorizing the trustees to incur and expend necessary funds in reasonable amount in proper administration of the trust estate and giving specific approval to such expenditures incurred to date. In affirming this judgment we do not wish to be understood as holding the plaintiff has failed to allege facts entitling him to an accounting. On the contrary we think he has. But as we view the matter, he has moved in the wrong court to get it.

Counsel for plaintiff calls our attention to the provisions of the Uniform Trustees' Accounting Act, L.1951, c. 168, 1941 Comp., §§ 36–201 to 36–224, which calls upon the

trustee for periodic accountings. It affords plaintiff no aid. Furthermore, it expressly withholds application of the Act to trusts created by judgment of a federal court or a state court other than in probate or guardianship proceedings.

It follows from what has been said that the trial court's action in dismissing the complaint was proper, since it·lacked jurisdiction in the premises. Its judgment is correct and should be affirmed.

It is so ordered.

LUJAN and SEYMOUR, JJ., concur.

McGHEE, C. J., and COMPTON, J., not participating.