382 P.2d 183

**Amanda E. SIMS and George W. Sims, Petitioners-Appellants,**

**v.**

**Hon. Edwin L. MECHEM, Chairman, E. S. (Johnny) Walker, Member, A. L. Porter, Jr., Member, Secretary of the Oil Conservation Commission of the State of New Mexico, Olsen Oils, Inc., and Texas Pacific Coal and Oil Company, Successor to Olsen Oils, Inc., Respondents-Appellees.**

**No. 7206.**

Supreme Court of New Mexico.

May 27, 1963.

C. N. Morris, Foster Windham, Carlsbad, for appellants.

Richard S. Morris, James M. Durrett, Jr., Santa Fe, for N. M. Oil Conservation Commission.

Campbell & Russell, Roswell, Girand, Cowan & Reese, Hobbs, for Olsen Oils, Inc. and Texas and Pacific Coal & Oil Co.

COMPTON, Chief Justice.

This appeal involves Order No. R–1310 of the Oil Conservation Commission, the validity of which is challenged here on jurisdictional grounds.

Reviewing the record, in August, 1955, the commission issued Order No. R–677 pooling contiguous acreage in Section 25, Township 22 South, Range 37 East, N.M. P.M., Lea County, consisting of 40 acres in the southeast quarter of the northwest quarter and 120 acres in the northeast quarter of the southwest quarter, and south half of the southwest quarter of Section 25 as a 160-acre non-standard production unit and approved the drilling of a well. In September, 1957, the appellants, being owners of the mineral interests in the above-described production unit,

and the then holder of the outstanding oil and gas leases thereon, entered into a communitization agreement pooling the leasehold estate for development. In January, 1958, a well was completed in the center of the 40 acres in the southeast quarter of the northwest quarter and its production attributed to the 160-acre production unit as provided in Order R–677 and the communitization agreement.

Subsequently, the successor in interest to the leasehold estate applied to the commission for a 160-acre non-standard gas proration unit consisting of the balance of the acreage in the northwest and southwest quarters of Section 25, on which it held leases or, in the alternative, for an order force-pooling the northwest quarter of Section 25 and the southwest quarter of Section 25 as two separate standard 160-acre production units. It was proposed in this application that if the two standard units were force-pooled that a second well would be drilled in the northeast quarter of the southwest quarter of the section.

After a hearing on the application, the commission found that the most efficient and orderly development of the acreage in the west half of Section 25 could be accomplished by force-pooling it into two standard units and, on December 17, 1958, entered Order No. R–1310 establishing the northwest quarter and the southwest quarter of Section 25 as two separate 160-acre

standard production units, and rescinded its previous Order No. R–677. The production from each pooled unit was allocated to each tract in that unit in the same proportion that the acreage in said tract bore to the total acreage in the unit.

Pursuant to Order R–1310 the production from the first well was attributed to the acreage in the northwest quarter of Section 25 in which appellants held only a $\frac{1}{15}$th royalty interest, and a second well was drilled in the northeast quarter of the southwest quarter and its production attributed to the acreage in the southwest quarter of which appellants were principal owners. The second well was a smaller producer than the first, resulting in diminished royalties to appellants.

Thereafter, in October, 1960, appellants filed an application before the commission for an order to vacate and set aside as void Order R–1310 and to reestablish the nonstandard 160-acre production unit in conformity with Order R–677 and the communitization agreement. The basis of this application was the alleged concealment from the commission of the agreement between the parties, and it challenged the jurisdiction of the commission to enter Order R–1310 in violation of the agreement and of the rights of appellants. The denial of this application is the basis of appellants' petition for review.

On the hearing of the petition for review, the trial court denied appellants' petition and from such ruling they have appealed to this court for review.

Appellants have argued several points, but, in view of our disposition of this appeal, we need only concern ourselves with a determination of a basic jurisdictional question.

■ They now urge that the commission was without jurisdiction to enter Order R–1310 because the commission failed to find that waste was being committed under Order R–677 or that waste would be prevented by the issuance of Order R–1310. Insofar as can be ascertained from the record, the lack of jurisdiction of the commission to enter Order R–1310 is raised here for the first time. Consequently, this jurisdictional question must first be determined. Davidson v. Enfield, 35 N.M. 580, 3 P.2d 979; State v. Eychaner, 41 N. M. 677, 73 P.2d 805; Brown v. Brown, 58 N.M. 761, 276 P.2d 899; In re Conley's Will, 58 N.M. 771, 276 P.2d 906. Also compare Driver-Miller Corp. v. Liberty, 69 N.M. 259, 365 P.2d 910; Warren Foundation v. Barnes, 67 N.M. 187, 354 P.2d 126; Section 21–2–1(20) (1), N.M.S.A.1953.

■ Unquestionably the commission is authorized to require pooling of property when such pooling has not been agreed upon by the parties, § 65–3–14(c), N.M. S.A.1953, and it is clear that the pooling of the entire west half of Section 25 had

not been agreed upon. It is also clear from sub-section (e) of the same section that any agreement between owners and lease-holders may be modified by the commission. But the statutory authority of the commission to pool property or to modify existing agreements relating to production within a pool under either of these sub-sections must be predicated on the prevention of waste. Section 65–3–10, 1953 Comp.

The statutory authority of the Oil Conservation Commission was thoroughly considered by this court in the recent case of Continental Oil Company v. Oil Conservation Commission, 70 N.M. 310, 373 P. 2d 809, wherein we said:

"The Oil Conservation Commission is a creature of statute, expressly defined, limited and empowered by the laws creating it. The commission has jurisdiction over matters related to the conservation of oil and gas in New Mexico, but the basis of its powers is founded on the duty to prevent waste and to protect correlative rights. * * * Actually, the prevention of waste is the paramount power, inasmuch as this term is an integral part of the definition of correlative rights."

Appellees contend that the commission's finding that

"* * * the most efficient and orderly development of the subject acreage can be accomplished by force pooling the NW/4 of said Section 25 and the SW/4 of said Section 25 to form two standard gas proration units in the Tubb Gas Pool, and that such an order should be entered."

is equivalent to a finding that this pooling will prevent waste. We do not believe the finding is susceptible to such construction. There is nothing in evidence before the commission tending to support a finding of waste or the prevention of waste by pooling the property into two standard units.

We conclude, therefore, that since commission Order R–1310 contains no finding as to the existence of waste, or that pooling would prevent waste, based upon evidence to support such a finding, the commission was without jurisdiction to enter Order R–1310, and that it is void. Continental Oil Company v. Oil Conservation Commission, supra.

The order denying appellants' petition for review should be reversed, with directions to the trial court to enter an order declaring Order R–1310 of the commission void.

It is so ordered.

NOBLE and MOISE, JJ., concur.